UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH G. CURTIS and
ELIZABETH CURTIS,

        Plaintiffs,

v.

AMERIQUEST MORTGAGE COMPANY
and
DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE OF
AMERIQUEST MORTGAGE
SECURITIES, INC. ASSET-BACKED
PASS THROUGH CERTIFICATES
SERIES 2004-R10, UNDER THE
POOLING AND SERVICING
AGREEMENT DATED AS OF OCTOBER
1, 2004, WITHOUT RECOURSE,

        Defendants.

C. A. No. 1:08-cv-10488-WGY

## DEUTSCHE BANK, AS TRUSTEE'S
## ANSWER AND AFFIRMATIVE DEFENSES

       Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage

Securities, Inc. Asset-Backed Pass Through Certificates Series 2004-R10, under the Pooling and

Servicing Agreement dated as of October 1, 2004, Without Recourse, ("Deutsche Bank, as

Trustee"), by and through its attorneys, Kirkpatrick & Lockhart Preston Gates Ellis LLP, hereby

answers the Complaint ("Complaint") brought by plaintiffs Joseph G. Curtis and Elizabeth

Curtis. Deutsche Bank, as Trustee makes this Answer only on its own behalf. To the extent that

any allegations set forth in the Complaint are addressed to any other defendant, unidentified

party, or non-existent party, Deutsche Bank, as Trustee is without knowledge or information sufficient to form a belief as to the truth of such allegations except as expressly stated below.

Deutsche Bank, as Trustee answers plaintiffs' Complaint as follows:

## PRELIMINARY STATEMENT

1.      As to the first sentence in Paragraph 1 of the Complaint, Deutsche Bank, as Trustee admits that the plaintiffs own a home in Cotuit, Massachusetts and have filed this Complaint against Ameriquest Mortgage Company ("Ameriquest") as their lender.  As to the second and third sentences of Paragraph 1 of the Complaint, the allegations set forth therein are directed to another defendant and no response from Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in the second and third sentences of Paragraph 1 of the Complaint.

2.      As to the first sentence of Paragraph 2 of the Complaint, Deutsche Bank, as Trustee admits that the plaintiffs entered into a loan with Ameriquest that was secured by their Cotuit property, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth therein.  As to the second and fourth sentences of Paragraph 2 of the Complaint, the allegations set forth therein are directed to another defendant and no response by Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee states that the plaintiffs' loan documents speak for themselves as to their content and denies the remaining allegations set forth in the second and fourth sentences of Paragraph 2 of the Complaint.  As to the third sentence of Paragraph 2 of the Complaint, the allegations set forth therein are directed to another defendant and no response from Deutsche Bank, as Trustee is required.  To the extent a further response is required,

Deutsche Bank, as Trustee denies the allegations set forth in the third sentence of Paragraph 2 of the Complaint.

3.      (Incorrectly numbered as Paragraph 4).  The allegations set forth in Paragraph 3 of the Complaint (incorrectly numbered as Paragraph 4) are directed to another defendant and no response from Deutsche Bank, as Trustee is required. To the extent a further response may be required, Deutsche Bank, as Trustee denies the remaining allegations set forth in Paragraph 3 of the Complaint (incorrectly numbered as Paragraph 4).

4.      (Incorrectly numbered as Paragraph 5).  As to the first sentence of Paragraph 4 of the Complaint (incorrectly numbered as Paragraph 5), Deutsche Bank, as Trustee admits that it commenced foreclosure proceedings on behalf of Ameriquest Mortgage Securities, Inc. Asset-Backed Pass Through Certificates Series 2004-R10, under the Pooling and Servicing Agreement dated as of October 1, 2004, Without Recourse.  As to the second sentence of Paragraph 4 of the Complaint (incorrectly numbered as Paragraph 5), Deutsche Bank, as Trustee states that the foreclosure sale referenced therein has been canceled.

5.      (Incorrectly numbered as Paragraph 6).  Deutsche Bank, as Trustee states that the document attached to the Complaint as Exhibit A speaks for itself as to its content.

6.      (Incorrectly numbered as Paragraph 7).  The allegations set forth in Paragraph 6 of the Complaint (incorrectly numbered as Paragraph 7) consist of the plaintiffs' characterization of the case, to which no response is required.  Deutsche Bank, as Trustee denies that plaintiffs are entitled to the relief they have requested.

## JURISDICTION AND VENUE

7.      (Incorrectly numbered as Paragraph 8).  The allegations set forth in Paragraph 7 of the Complaint (incorrectly numbered as Paragraph 8) state legal conclusions to which no

response is required.  Ameriquest, with the consent of Deutsche Bank, as Trustee, has removed this case to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

8.      (Incorrectly numbered as Paragraph 9).  The allegations set forth in Paragraph 8 of the Complaint (incorrectly numbered as Paragraph 9) state legal conclusions to which no response is required.

## PARTIES

9.      (Incorrectly numbered as Paragraph 10).  Upon information and belief, Deutsche Bank, as Trustee admits the allegations set forth in Paragraph 9 of the Complaint (incorrectly numbered as Paragraph 10).

10.      (Incorrectly numbered as Paragraph 11).  Deutsche Bank, as Trustee admits that on information and belief Ameriquest is a Delaware Corporation and that its principal place of business is 1100 Town & Country Rd., Suite 1200, Orange, California 92868.

11.      (Incorrectly numbered as Paragraph 12).  The allegations set forth in Paragraph 11 of the Complaint (incorrectly numbered as Paragraph 12) are directed to another defendant and no response from Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 11 of the Complaint, (incorrectly numbered as Paragraph 12).

12.      (Incorrectly numbered as Paragraph 13).  The allegations set forth in Paragraph 12 of the Complaint (incorrectly numbered as Paragraph 13) are directed to another defendant and no response from Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 12 of the Complaint, (incorrectly numbered as Paragraph 13).

13.    (Incorrectly numbered as Paragraph 14).  The allegations set forth in Paragraph 13 of the Complaint (incorrectly numbered a Paragraph 14) state legal conclusions to which no response is required.

14.     (Incorrectly numbered as Paragraph 15).  Deutsche Bank, as Trustee states that Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc. Asset-Backed Pass Through Certificates Series 2004-R10, under the Pooling and Servicing Agreement dated as of October 1, 2004, Without Recourse, ("Deutsche Bank, as Trustee"), has a principal place of business located at 1761 East Street, Andrews Place, Santa Ana, California, 92705.

## FACTS

15.    (Incorrectly numbered as Paragraph 16).  As to the first sentence of Paragraph 15 of the Complaint (incorrectly numbered as Paragraph 16), Deutsche Bank, as Trustee is without knowledge or information sufficient to form a belief as to the truth of those allegations as set forth therein.  Deutsche Bank, as Trustee admits the allegations set forth in the second sentence of Paragraph 15 of the Complaint (incorrectly numbered as Paragraph 16).

16.    (Incorrectly numbered as Paragraph 17).  The allegations set forth in Paragraph 16 of the Complaint (incorrectly numbered as Paragraph 17) are directed to another defendant and no response from Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint (incorrectly numbered as Paragraph 17).

17.     (Incorrectly numbered as Paragraph 18).  Deutsche Bank, as Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint (incorrectly numbered as Paragraph 18).

18.     (Incorrectly numbered as Paragraph 19).  The allegations set forth in Paragraph 18 of the Complaint (incorrectly numbered as Paragraph 19) are directed to another defendant and no response from Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee states that the plaintiffs' loan documents speak for themselves as to their content, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 18 of the Complaint (incorrectly numbered as Paragraph 19).

19.     The allegations set forth in Paragraph 19 of the Complaint are directed to another defendant and no response from Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee states that the plaintiffs' loan documents speak for themselves as to their content, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 19 of the Complaint.

20.     Deutsche Bank, as Trustee states that the plaintiffs' loan documents speak for themselves as to their content.

21.     The allegations set forth in Paragraph 21 of the Complaint are directed to another defendant and no response from Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 21 of the Complaint.

22.      The allegations set forth in Paragraph 22 of the Complaint are directed to another defendant and no response from Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint.

23.      The allegations set forth in Paragraph 23 of the Complaint are directed to another defendant and no response from Deutsche Bank, as Trustee is required.  To the extent a further response is required, Deutsche Bank, as Trustee states that the plaintiffs' loan documents speak for themselves as to their content.

24.      The allegations set forth in Paragraph 24 of the Complaint are directed to another defendant and no response from Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint.

25.      The allegations set forth in Paragraph 25 of the Complaint are directed to another defendant and no response from Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint.

26.      The allegations set forth in Paragraph 26 of the Complaint are directed to another defendant and no response from Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee is without knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint.

27.     The allegations set forth in Paragraph 27 of the Complaint are directed to another defendant, and no response from Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 27 of the Complaint.

28.     Deutsche Bank, as Trustee states that the letter attached as <u>Exhibit B</u> to the Complaint speaks for itself as to its content.

29.     Deutsche Bank, as Trustee states that the letter attached as <u>Exhibit C</u> to the Complaint speaks for itself as to its content.

30.     Deutsche Bank, as Trustee states that the letter attached as <u>Exhibit D</u> to the Complaint speaks for itself as to its content.

31.     Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 31 of the Complaint.

32.     Deutsche Bank, as Trustee states that the document attached as <u>Exhibit E</u> to the Complaint speaks for itself as to its content.

33.     Deutsche Bank, as Trustee states that the document attached as <u>Exhibit A</u> to the Complaint speaks for itself as to its content.

34.     As to the first sentence of Paragraph 34 of the Complaint, the allegations set forth therein state legal conclusions to which no response is required.  To the extent a response may be required, Deutsche Bank, as Trustee denies the allegations set forth in the first sentence of Paragraph 34 of the Complaint.  As to the second sentence of Paragraph 34 of the Complaint,

Deutsche Bank, as Trustee states that the record at the Barnstable County Registry of Deeds speaks for itself as to its content.

35.    Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 35 of the Complaint.

36.    Deutsche Bank, as Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint.

37.    As to the first sentence of Paragraph 37 of the Complaint, Deutsche Bank, as Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  As to the second and third sentences of Paragraph 37 of the Complaint, Deutsche Bank, as Trustee states that the plaintiffs' loan documents speak for themselves as to their content, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth therein.

***Emergency Legislation Governing Foreclosure Proceedings***

38.    Deutsche Bank, as Trustee states that the legislation referenced in Paragraph 38 of the Complaint speaks for itself as to its content.

39.    Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 39 of the Complaint, further answering that the House Bill 4387 attached as Exhibit F to the Complaint and dated November 20, 2007 is not the law in the Commonwealth of Massachusetts, and that the law signed by the Governor is known as Chapter 206 of the Acts of 2007 (hereinafter "Chapter 206").

40.    Deutsche Bank, as Trustee states that the document attached as Exhibit G to the Complaint speaks for itself as to its content.

41.    Deutsche Bank, as Trustee states that the legislation, Section 11 of Chapter 206 of the Acts of 2007, speaks for itself as to its content.

42.    Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 42 of the Complaint, further answering that Section 21 of Chapter 206 makes Section 11 effective as of *May 1, 2008* and not May 1, 2007.  Deutsche Bank, as Trustee states that Chapter 206 was amended and clarified by Chapter 224 of the Acts of 2007, Section 2, which provides that "Said section 11 shall not apply to such mortgages accelerated or whose statutory condition has been voided under the terms of the mortgage to secure the note, prior to May 1, 2008." (Signed by the Governor on December 28, 2007).

43.    Deutsche Bank, as Trustee admits that plaintiffs' property is "a residential real property located in the Commonwealth" and the remaining allegations set forth in Paragraph 43 of the Complaint consist of legal conclusions to which no response is required.

44.    The allegations set forth in Paragraph 44 of the Complaint state legal conclusions to which no response is required.  The legislation, Section 11(c) of Chapter 206, speaks for itself as to its content.

45.    The allegations set forth in Paragraph 45 of the Complaint state legal conclusions to which no response is required.  To the extent that a further response is required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 45 of the Complaint.

46.    The allegations set forth in Paragraph 46 of the Complaint state legal conclusions to which no response is required.  The legislation referenced in Paragraph 46 of the Complaint speaks for itself as to its content.

47.     The allegations set forth in Paragraph 47 of the Complaint state legal conclusions to which no response is required; further answering, Deutsche Bank, as Trustee references its response to the allegations set forth in Paragraph 42 above.

48.     Deutsche Bank, as Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Complaint.

## COUNT I – PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF
### (Against Ameriquest and Deutsche Bank)

49.     Deutsche Bank, as Trustee hereby incorporates by reference, as if fully set forth herein, Paragraphs 1 through 48 of this Answer.

50.     The allegations set forth in Paragraph 50 of the Complaint state legal conclusions to which no response is required.  To the extent that a further response is required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 50 of the Complaint.

51.     The allegations set forth in Paragraph 51 of the Complaint state legal conclusions to which no response is required.  To the extent that a further response is required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 51 of the Complaint.

52.     The allegations set forth in Paragraph 52 of the Complaint state legal conclusions to which no response is required.  To the extent that a further response is required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 52 of the Complaint.

53.     The allegations set forth in Paragraph 53 of the Complaint state legal conclusions to which no response is required.  To the extent that a further response is required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 53 of the Complaint.  Deutsche Bank, as Trustee hereby incorporates by reference, as if fully set forth herein, its responses to Paragraphs 38 through 42 above.

54. Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 54 of the Complaint.

55. The allegations set forth in Paragraph 55 of the Complaint state legal conclusions to which no response is required. To the extent that a further response is required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 55 of the Complaint.

56. The allegations set forth in Paragraph 56 of the Complaint state legal conclusions to which no response is required.

57. Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 57 of the Complaint.

58. Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 58 of the Complaint.

59. Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 59 of the Complaint.

## COUNT II – VIOLATION OF CHAPTER 93A AND ITS IMPLEMENTING REGULATIONS
### (Against Ameriquest)

60. Deutsche Bank, as Trustee hereby incorporates by reference, as if fully set forth herein, Paragraphs 1 through 59 of this Answer.

61. The allegations set forth in Paragraph 61 of the Complaint are directed to another defendant and no response from Deutsche Bank, as Trustee is required. To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 61 of the Complaint.

62. The allegations set forth in Paragraph 62 of the Complaint are directed to another defendant and no response from Deutsche Bank, as Trustee is required. To the extent a further

response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 62 of the Complaint.

63.     The allegations set forth in Paragraph 63 of the Complaint are directed to another defendant and no response from Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 63 of the Complaint.

64.     The allegations set forth in Paragraph 64 of the Complaint are directed to another defendant and state legal conclusions to which no response is required.  To the extent a further response is required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 64 of the Complaint.

## COUNT III – CLAIMS FOR UNCONSCIONABILITY AND/OR ILLEGALITY
### (Against Ameriquest)

65.     Deutsche Bank, as Trustee hereby incorporates by reference, as if fully set forth herein, Paragraphs 1 through 64 of this Answer.

66.     The allegations set forth in Paragraph 66 of the Complaint are directed to another defendant and state legal conclusions to which no response is required.

67.     The allegations set forth in Paragraph 67 of the Complaint are directed to another defendant and state legal conclusions to which no response is required.

68.     The allegations set forth in Paragraph 68 of the Complaint are directed to another defendant and state legal conclusions to which no response is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 68 of the Complaint.

69.     The allegations set forth in Paragraph 69 of the Complaint are directed to another defendant and state legal conclusions to which no response is required.  To the extent a further

response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 69 of the Complaint.

70.     The allegations set forth in Paragraph 70 of the Complaint are directed to another defendant and state legal conclusions to which no response is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 70 of the Complaint.

71.     The allegations set forth in Paragraph 71 of the Complaint are directed to another defendant and state legal conclusions to which no response is required.

72.     The allegations set forth in Paragraph 72 of the Complaint are directed to another defendant and state legal conclusions to which no response is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 72 of the Complaint.

73.     The allegations set forth in Paragraph 73 of the Complaint are directed to another defendant and state legal conclusions to which no response is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 73 of the Complaint.

## COUNT IV – BREACH OF CONTRACT
### (Against Ameriquest)

74.     Deutsche Bank, as Trustee hereby incorporates by reference, as if fully set forth herein, Paragraphs 1 through 73 of this Answer.

75.     The allegations set forth in Paragraph 75 of the Complaint are directed to another defendant and no response from Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee states that the plaintiffs' loan documents

speak for themselves as to their content and is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 of the Complaint.

76.     The allegations set forth in Paragraph 76 of the Complaint are directed to another defendant and state legal conclusions to which no response is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 76 of the Complaint.

77.     The allegations set forth in Paragraph 77 of the Complaint are directed at another defendant and no response from Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 77 of the Complaint.

78.     The allegations set forth in Paragraph 78 of the Complaint are directed to another defendant and state legal conclusions to which no response is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 78 of the Complaint.

79.     The allegations set forth in Paragraph 79 of the Complaint are directed to another defendant and no response by Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 79 of the Complaint.

80.     The allegations set forth in Paragraph 80 of the Complaint are directed to another defendant and no response by Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 80 of the Complaint.

81.     The allegations set forth in Paragraph 81 of the Complaint are directed to another defendant and state legal conclusions to which no response is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 81 of the Complaint.

## COUNT V – INTENTIONAL MISREPRESENTATION
### (As Ameriquest)

82.     Deutsche Bank, as Trustee hereby incorporates by reference, as if fully set forth herein, Paragraphs 1 through 81 of this Answer.

83.     The allegations set forth in Paragraph 83 of the Complaint are directed to another defendant and state legal conclusions to which no response is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 83 of the Complaint.

84.     The allegations set forth in Paragraph 84 of the Complaint are directed to another defendant and no response by Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 84 of the Complaint.

85.     The allegations set forth in Paragraph 85 of the Complaint are directed to another defendant and no response by Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 85 of the Complaint.

86.     The allegations set forth in Paragraph 86 of the Complaint are directed to another defendant and no response by Deutsche Bank, as Trustee is required.  To the extent a further

response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 86 of the Complaint.

87.     The allegations set forth in Paragraph 87 of the Complaint are directed to another defendant and no response by Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 87 of the Complaint.

88.     The allegations set forth in Paragraph 88 of the Complaint are directed to another defendant and state legal conclusions to which no response is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 88 of the Complaint.

**COUNT VI – UNJUST ENRICHMENT**
**(Against Ameriquest)**

89.     Deutsche Bank, as Trustee hereby incorporates by reference, as if fully set forth herein, Paragraphs 1 through 88 of this Answer.

90.     The allegations set forth in Paragraph 90 of the Complaint are directed to another defendant and state legal conclusions to which no response is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 90 of the Complaint.

91.     The allegations set forth in Paragraph 91 are directed to another defendant, state legal conclusions and consist of plaintiffs' characterization of the case, to which no response is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies that plaintiffs are entitled to any of the requested relief.

The remainder of the Complaint is a prayer for relief to which Deutsche Bank, as Trustee is not required to respond.  To the extent that a further response may be required, Deutsche Bank,

as Trustee requests that plaintiffs' Complaint be dismissed with prejudice, that the Court enter judgment in its favor on all Counts of the Complaint, that Deutsche Bank, as Trustee be awarded its costs and expenses including attorneys' fees, and that the Court award such other relief as the Court deems proper.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiffs' claims are barred by the Statute of Frauds, M.G.L. ch. 259 § 1.

2.      Plaintiffs' purported causes of action fail to state a claim upon which relief may be granted.

3.      At all relevant times, defendant, in good faith, maintained and enforced adequate policies and procedures to prevent the alleged harm complained of in plaintiffs' Complaint.

4.      Plaintiffs' claims are barred in whole or in part because plaintiffs have failed to state their claims with sufficient particularity.

5.      Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

6.      Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

7.      Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

8.      Plaintiffs' claims are barred in whole or in part because any acts or failure to act on the part of defendant were excused by the actions of plaintiffs or others.

9.      Plaintiffs' claims are barred in whole or in part, on the ground that if plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of

other parties and/or persons or entities and not defendant, and any such intervening or superseding action of said parties and/or persons or entities bars plaintiffs' recovery.

10.    Plaintiffs by their knowledge, statements, and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of defendant described in the Complaint.

11.    Plaintiffs' claims are barred in whole or in part, because defendant has committed no act or omission causing any damage to plaintiffs.

12.    Plaintiffs' claims are barred in whole or in part, because plaintiffs expressly, ostensibly, and/or implicitly authorized or ratified the transactions and/or acts and/or omissions at issue.

13.    Plaintiffs' claims are barred in whole or in part because plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

14.    Defendant owed no duty of care to plaintiff.

15.    Defendant acted reasonably at all relevant times.

16.    Defendant states that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated affirmative defenses. Defendant reserves its right to file an amended Answer asserting additional defenses, and/or to file a counter- or cross-complaint in the event that discovery indicates either is appropriate.

## **PRAYER**

WHEREFORE, Deutsche Bank, as Trustee respectfully requests that plaintiffs' Complaint be dismissed with prejudice, that the Court enter judgment in its favor on all counts of the Complaint, that Deutsche Bank, as Trustee be awarded its costs and expenses including attorneys' fees, and that the Court award such other relief as the Court deems proper.

Respectfully Submitted,

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE OF
AMERIQUEST MORTGAGE SECURITIES,
INC. ASSET-BACKED PASS THROUGH
CERTIFICATES SERIES 2004-R10,
UNDER THE POOLING AND SERVICING
AGREEMENT DATED AS OF OCTOBER
1, 2004, WITHOUT RECOURSE,

By its attorneys,

/s/ Bradley C. Morin
R. Bruce Allensworth (BBO #015820)
    bruce.allensworth@klgates.com
Phoebe S. Winder (BBO #567103)
    phoebe.winder@klgates.com
Bradley C. Morin (BBO #666559)
    brad.morin@klgates.com
KIRKPATRICK & LOCKHART
    PRESTON GATES ELLIS LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3100

April 1, 2008

## CERTIFICATE OF SERVICE

I hereby certify that this **Deutsche Bank, as Trustee's Answer and Affirmative Defenses** filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on April 1, 2008.

/s/ Bradley C. Morin
Bradley C. Morin