UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH G. CURTIS and ELIZABETH CURTIS,<br><br>Plaintiffs,<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY and DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES, INC. ASSET-BACKED PASS THROUGH CERTIFICATES SERIES 2004-R10, UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF OCTOBER 1, 2004, WITHOUT RECOURSE,<br><br>Defendants. | C. A. No. 1:08-cv-10488-WGY |

## **RULE 26(F) REPORT OF THE PARTIES**

The parties have conferred and hereby submit a report of their conference, pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(D) of the United States District Court for the District of Massachusetts.

1.  Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(B), a telephone conference was held on April 15, 2008, and was attended by Matthew J. Dunn for the plaintiffs, and Phoebe S. Winder and Bradley C. Morin for the defendants.

2.  Pre-Discovery Disclosures: The parties will exchange by June 15, 2008 the information required by Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(A).

3.  Discovery Plan: The parties jointly propose to the Court the following discovery plan:

    A.  Discovery will be needed on the following subjects:

BOS-1201070 v5

        i.      the merits of the plaintiffs' claims; and

        ii.     the merits of the defendants' defenses, including but not limited to all communications between the parties concerning loan origination, servicing, default, and foreclosure.

B. The parties agree that they may engage in disclosure or discovery of electronically stored information.

C. The parties believe that a confidentiality order and stipulation will be necessary to protect the confidential and proprietary business information of defendants and the confidential and personal information of the plaintiffs. If the parties do not reach an agreement, then defendant will file a motion for entry of a confidentiality order and stipulation at a later date.

D. All discovery shall be commenced in time to be completed by December 15, 2008.

E. There shall be a maximum of 25 interrogatories by each party to any other party. A party may serve additional interrogatories on the other upon leave of the court, which shall grant a party's request to the extent it is consistent with Rule 26(b)(2).

F. Each deposition will be limited to a maximum of 7 hours unless extended by agreement of the parties.

G. Expert reports shall be due by January 15, 2009 from plaintiffs and from defendants by February 17, 2009.

4. Other items:

A. The deadline for amendments to pleadings shall be July 15, 2008.

B. The parties do not request a conference with the Court before entry of the scheduling order.

C. The parties request a status conference in March 2009.

D. As for dispositive motions, any motion for judgment on the pleadings shall be filed on or before September 8, 2008, and any motion for summary judgment shall be filed on or before March 31, 2009.

E. The parties have discussed the possibility of settlement, but the likelihood of such an outcome is unknown at this time.

- 3 -

      F.    Final lists of witnesses and exhibits under Fed. R. Civ. P. 26(a)(3) shall be due from plaintiffs and defendants in accordance with pretrial orders of the Court.

      G.    Parties shall have 21 days after service of final lists of witnesses and exhibits to list objections under Fed. R. Civ. P. 26(a)(3).

      H.    The case should be ready for trial by May 2009.

5.    <u>Trial by Magistrate</u>:  The parties do not at this time consent to trial by magistrate.

6.    <u>Jury Trial</u>:  Plaintiffs have requested a jury trial.

7.    <u>Certifications of Consultation</u>:  The parties will file their respective Certifications of Consultation pursuant to L.R. 16.1(D)(3).

8.    <u>Agenda</u>:  The parties propose the following agenda for the Scheduling Conference:

      A.    The discovery plan and case schedule outlined above; and

      B.    Such other matters as the Court may find appropriate and useful to discuss.

Respectfully submitted,

| | |
|---|---|
| JOSEPH G. CURTIS and<br>ELIZABETH CURTIS, | AMERIQUEST MORTGAGE COMPANY,<br>and<br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES, INC. ASSET-BACKED PASS THROUGH CERTIFICATES SERIES 2004-R10, UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF OCTOBER 1, 2004, WITHOUT RECOURSE, |
| By their attorney: | By their attorneys: |
| /s/  Matthew J. Dunn  (*with permission*) | /s/ Bradley C. Morin |
| Matthew J. Dunn (BBO #654041)<br>   mdunn23@yahoo.com<br>THE DUNN LAW GROUP<br>15 Broad Street, Suite 512<br>Boston, MA 02109<br>(617) 725-0033 | R. Bruce Allensworth (BBO #015820)<br>   bruce.allensworth@klgates.com<br>Phoebe S. Winder (BBO #567103)<br>   phoebe.winder@klgates.com<br>Bradley C. Morin (BBO #666559)<br>   brad.morin@klgates.com<br>KIRKPATRICK & LOCKHART<br>  PRESTON GATES ELLIS LLP<br>State Street Financial Center<br>One Lincoln Street<br>Boston, MA 02111<br>(617) 261-3100 |

Dated:  April 28, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that this **Rule 26(f) Report of the Parties** filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on April 28, 2008.

/s/ Bradley C. Morin
Bradley C. Morin