## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| |
|---|
| JOSEPH G. CURTIS and ELIZABETH CURTIS, |
| Plaintiffs, |
| v. |
| AMERIQUEST MORTGAGE COMPANY and DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES, INC. ASSET-BACKED PASS THROUGH CERTIFICATES SERIES 2004-R10, UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF OCTOBER 1, 2004, WITHOUT RECOURSE, |
| Defendants. |

C. A. No. 1:08-cv-10488-WGY

### ASSENTED-TO MOTION FOR LEAVE TO AMEND ANSWERS

Pursuant to Fed. R. Civ. P. 15(a), defendants Ameriquest Mortgage Company

("Ameriquest") and Deutsche Bank National Trust Company, as Trustee of Ameriquest

Mortgage Securities, Inc. Asset-Backed Pass Through Certificates Series 2004-R10, under the

Pooling and Servicing Agreement dated as of October 1, 2004, Without Recourse, ("Deutsche

Bank, as Trustee") (collectively, "defendants"), hereby move for leave to amend their Answers

to the Complaint filed by plaintiffs Joseph G. Curtis and Elizabeth Curtis ("plaintiffs").

Defendants' proposed Amended Answers are attached hereto as Exhibit A (Ameriquest) and

Exhibit B (Deutsche Bank, as Trustee).  Plaintiffs assent to this Motion.

In support of their Assented-to Motion, defendants state as follows:

BOS-1207072 v3

1.      On or about March 4, 2008, plaintiffs filed a complaint ("Complaint") in the Superior Court for Barnstable County, Massachusetts.

2.      On or about March 25, 2008, Ameriquest timely removed the action to this Court, to which removal Deutsche Bank, as Trustee consented.  See Docket No. 1.

3.      On or about April 1, 2008, Ameriquest and Deutsche Bank, as Trustee each filed answers to the Complaint.  See Docket Nos. 4, 5.

4.      On or about June 9, 2008, plaintiffs filed an assented-to motion to amend the Complaint.  See Docket No. 13.

5.      On or about July 9, 2008, the parties submitted a joint request to the Multidistrict Litigation Panel requesting that this action be transferred to the multidistrict litigation styled In re Ameriquest Mortgage Company Mortgage Lending Practices Litigation, MDL 1715 (N.D. Ill.).

6.      The last day for the parties to amend their pleadings is currently July 15, 2008. See Court's Scheduling Order, dated May 7, 2008.  See Docket No. 11.

7.      Defendants wish to add certain affirmative defenses to their answers filed on April 1, 2008.  Defendants have not previously filed a motion for leave to amend their answers because they anticipated adding such affirmative defenses in answering plaintiffs' Amended Complaint once the Court ruled on plaintiffs' Assented-to Motion for Leave to Amend their Complaint and accepted the proposed Amended Complaint for docketing.  Because the Court, to date, has not acted upon plaintiffs' Motion for Leave, defendants now seek leave to amend their Answers to plaintiffs' original Complaint in advance of the current July 15, 2008 deadline to amend pleadings.

8.      Fed. R. Civ. P. 15(a)(2) permits the Court to grant leave to amend "when justice so requires."  See also Lackiram v. Montminy, Civ. A. No. 04-12592, 2006 WL 3469605, at *1 (D. Mass. Nov. 30, 2006) (granting motion to amend answer).

9.      The Court's granting of this Motion will not result in any delay or prejudice to plaintiffs.  Indeed, plaintiffs fully expected defendants to be able to add additional affirmative defenses because plaintiffs have moved this Court for leave to file an amended complaint.  See Docket No. 13.

10.     Plaintiffs assent to this Motion.

WHEREFORE, defendants Ameriquest and Deutsche Bank, as Trustee respectfully request that the Court: (1) grant defendants' Motion for Leave to Amend their Answers to plaintiffs' Complaint; (2) direct the clerk to docket the proposed Amended Answers; and (3) order such other relief as the Court deems just and equitable.

Respectfully Submitted,

AMERIQUEST MORTGAGE COMPANY
and DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE OF
AMERIQUEST MORTGAGE SECURITIES,
INC. ASSET-BACKED PASS THROUGH
CERTIFICATES SERIES 2004-R10,
UNDER THE POOLING AND SERVICING
AGREEMENT DATED AS OF OCTOBER
1, 2004, WITHOUT RECOURSE

By their attorneys,

*/s/ David D. Christensen*
R. Bruce Allensworth (BBO #015820)
bruce.allensworth@klgates.com
Phoebe S. Winder (BBO #567103)
phoebe.winder@klgates.com
Andrew C. Glass (BBO #638362)
andrew.glass@klgates.com
David D. Christensen (BBO #666401)
david.christensen@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3100

July 11, 2008

## CERTIFICATE OF SERVICE

I hereby certify that this **Assented-to Motion for Leave to Amend Answers** filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on July 11, 2008.

*/s/ David D. Christensen*
David D. Christensen

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOSEPH G. CURTIS and<br>ELIZABETH CURTIS,<br><br>        Plaintiffs,<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY<br>and<br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY, AS TRUSTEE OF<br>AMERIQUEST MORTGAGE<br>SECURITIES, INC. ASSET-BACKED<br>PASS THROUGH CERTIFICATES<br>SERIES 2004-R10, UNDER THE<br>POOLING AND SERVICING<br>AGREEMENT DATED AS OF OCTOBER<br>1, 2004, WITHOUT RECOURSE,<br><br>        Defendants. | C. A. No. 1:08-cv-10488-WGY |

**AMERIQUEST MORTGAGE COMPANY'S**
**AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Ameriquest Mortgage Corporation ("Ameriquest"), by and through its

attorneys, K&L Gates LLP, hereby answers the Complaint ("Complaint") brought by plaintiffs

Joseph G. Curtis and Elizabeth Curtis.  Ameriquest makes this Answer only on its own behalf.

To the extent that any allegations set forth in the Complaint are addressed to any other defendant,

unidentified party, or non-existent party, Ameriquest is without knowledge or information

sufficient to form a belief as to the truth of such allegations except as expressly stated below.

Ameriquest answers plaintiffs' Complaint as follows:

## PRELIMINARY STATEMENT

1.      As to the first sentence in Paragraph 1 of the Complaint, Ameriquest admits that the plaintiffs own a home in Cotuit, Massachusetts, and have filed this Complaint against Ameriquest as their lender.  Ameriquest denies the remaining allegations set forth in Paragraph 1 of the Complaint.

2.      As to the first sentence of Paragraph 2 of the Complaint, Ameriquest admits that the plaintiffs entered into a loan with Ameriquest that was secured by their Cotuit property, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth therein.  As to the second and fourth sentences of Paragraph 2 of the Complaint, Ameriquest states that the plaintiffs' loan documents speak for themselves as to their content and denies the remaining allegations set forth therein.  Ameriquest denies the allegations set forth in the third sentence of Paragraph 2 of the Complaint.

3.      (Incorrectly numbered as Paragraph 4).  Ameriquest states that the plaintiffs' loan documents speak for themselves as to their content, and denies the remaining allegations set forth in Paragraph 3 of the Complaint (incorrectly numbered as Paragraph 4).

4.      (Incorrectly numbered as Paragraph 5).  As to the first sentence of Paragraph 4 of the Complaint (incorrectly numbered as Paragraph 5), the allegations set forth therein are directed to another defendant and as such, no response from Ameriquest is required.  As to the second sentence of Paragraph 4 of the Complaint (incorrectly numbered as Paragraph 5), Ameriquest states that the foreclosure sale referenced therein has been canceled.

5.      (Incorrectly numbered as Paragraph 6).  Ameriquest states that the document attached to the Complaint as Exhibit A speaks for itself as to its content.

6.      (Incorrectly numbered as Paragraph 7).  The allegations set forth in Paragraph 6 of the Complaint (incorrectly numbered as Paragraph 7) consist of the plaintiffs' characterization of the case, to which no response is required.  Ameriquest denies that plaintiffs are entitled to the relief they have requested.

## JURISDICTION AND VENUE

7.      (Incorrectly numbered as Paragraph 8).  The allegations set forth in Paragraph 7 of the Complaint (incorrectly numbered as Paragraph 8) state legal conclusions to which no response is required.  Ameriquest has removed this case to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

8.      (Incorrectly numbered as Paragraph 9).  The allegations set forth in Paragraph 8 of the Complaint (incorrectly numbered as Paragraph 9) state legal conclusions to which no response is required.

## PARTIES

9.       (Incorrectly numbered as Paragraph 10).  Upon information and belief, Ameriquest admits the allegations set forth in Paragraph 9 of the Complaint (incorrectly numbered as Paragraph 10).

10.      (Incorrectly numbered as Paragraph 11).  Ameriquest admits that it is a Delaware Corporation and that its principal place of business is 1100 Town & Country Rd., Suite 1200, Orange, California 92868.

11.      (Incorrectly numbered as Paragraph 12).  Ameriquest denies the allegations set forth in Paragraph 11 of the Complaint, (incorrectly numbered as Paragraph 12); further answering, Ameriquest states that it no longer originates mortgage loans in the Commonwealth of Massachusetts or elsewhere.

12.    (Incorrectly numbered as Paragraph 13).  Ameriquest denies the allegations set forth in Paragraph 12 of the Complaint, (incorrectly numbered as Paragraph 13); further answering, Ameriquest states that it no longer originates mortgage loans in the Commonwealth of Massachusetts or elsewhere.

13.    (Incorrectly numbered as Paragraph 14).  The allegations set forth in Paragraph 13 of the Complaint (incorrectly numbered a Paragraph 14) state legal conclusions to which no response is required.

14.    (Incorrectly numbered as Paragraph 15).  Ameriquest states that on information and belief Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc. Asset-Backed Pass Through Certificates Series 2004-R10, under the Pooling and Servicing Agreement dated as of October 1, 2004, Without Recourse, ("Deutsche Bank, as Trustee"), has a principal place of business located at 1761 East Street, Andrews Place, Santa Ana, California, 92705.

## FACTS

15.    (Incorrectly numbered as Paragraph 16).  As to the first sentence of Paragraph 15 of the Complaint (incorrectly numbered as Paragraph 16), Ameriquest is without knowledge or information sufficient to form a belief as to the truth of those allegations as set forth therein. Ameriquest admits the allegations set forth in the second sentence of Paragraph 15 of the Complaint (incorrectly numbered as Paragraph 16).

16.    (Incorrectly numbered as Paragraph 17).  Ameriquest admits that Ameriquest and the plaintiffs communicated concerning a mortgage loan in the fall of 2004.  Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 16 of the Complaint (incorrectly numbered as Paragraph 17).

17.    (Incorrectly numbered as Paragraph 18).  As to the first sentence of Paragraph 17 of the Complaint (incorrectly numbered as Paragraph 18), Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  As to the second sentence of Paragraph 17 of the Complaint (incorrectly numbered as Paragraph 18), Ameriquest denies that proper disclosures were not made in compliance with applicable law.

18.    (Incorrectly numbered as Paragraph 19).  Ameriquest states that the plaintiffs' loan documents speak for themselves as to their content, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 18 of the Complaint (incorrectly numbered as Paragraph 19).

19.    Ameriquest states that the plaintiffs' loan documents speak for themselves as to their content, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 19 of the Complaint.

20.    Ameriquest states that the plaintiffs' loan documents speak for themselves as to their content.

21.    Ameriquest denies the allegations set forth in Paragraph 21 of the Complaint.

22.    Ameriquest states that plaintiffs' mortgage loan transaction was conducted in accordance with applicable law, and is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint.

23.    Ameriquest states that the plaintiffs' loan documents speak for themselves as to their content.

24.    Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint.

25.     Ameriquest admits that notice was given to plaintiffs that they were in default on their mortgage loan and denies the remaining allegations set forth in Paragraph 25 of the Complaint.

26.     Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint.

27.     Ameriquest denies the allegations set forth in Paragraph 27 of the Complaint.

28.     Ameriquest states that the letter attached as Exhibit B to the Complaint speaks for itself as to its content.

29.     Ameriquest states that the letter attached as Exhibit C to the Complaint speaks for itself as to its content.

30.     Ameriquest states that the letter attached as Exhibit D to the Complaint speaks for itself as to its content.

31.     Ameriquest denies the allegations set forth in Paragraph 31 of the Complaint.

32.     Ameriquest states that the document attached as Exhibit E to the Complaint speaks for itself as to its content.

33.     Ameriquest states that the document attached as Exhibit A to the Complaint speaks for itself as to its content.

34.     As to the first sentence of Paragraph 34 of the Complaint, the allegations set forth therein are directed to another defendant and state legal conclusions to which no response is required.  To the extent that a further response is required, Ameriquest denies the allegations set forth in the first sentence of Paragraph 34 of the Complaint.  As to the second sentence of Paragraph 34 of the Complaint, Ameriquest states that the record at the Barnstable County Registry of Deeds speaks for itself as to its content.

35.     The allegations set forth in Paragraph 35 of the Complaint are directed to another defendant and state legal conclusions to which no response is required.  To the extent that a further response is required, Ameriquest denies the allegations set forth in Paragraph 35 of the Complaint.

36.     Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint.

37.     As to the first sentence of Paragraph 37 of the Complaint, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  As to the second  and third sentences of Paragraph 37 of the Complaint, Ameriquest states that the plaintiffs' loan documents speak for themselves as to their content, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth therein.

***Emergency Legislation Governing Foreclosure Proceedings***

38.     Ameriquest states that the legislation referenced in Paragraph 38 of the Complaint speaks for itself as to its content.

39.     Ameriquest denies the allegations set forth in Paragraph 39 of the Complaint, further answering that the House Bill 4387 attached as Exhibit F to the Complaint and dated November 20, 2007 is not the law in the Commonwealth of Massachusetts, and that the law signed by the Governor is known as Chapter 206 of the Acts of 2007 (hereinafter "Chapter 206").

40.     Ameriquest states that the document attached as Exhibit G to the Complaint speaks for itself as to its content.

41.     Ameriquest states that the legislation, Section 11 of Chapter 206 of the Acts of 2007, speaks for itself as to its content.

42.     Ameriquest denies the allegations set forth in Paragraph 42 of the Complaint, further answering that Section 21 of Chapter 206 makes Section 11 effective as of *May 1, 2008* and not May 1, 2007.  Ameriquest states that Chapter 206 was amended and clarified by Chapter 224 of the Acts of 2007, Section 2, which provides that "Said section 11 shall not apply to such mortgages accelerated or whose statutory condition has been voided under the terms of the mortgage to secure the note, prior to May 1, 2008." (Signed by the Governor on December 28, 2007).

43.     Ameriquest admits that plaintiffs' property is "a residential real property located in the Commonwealth;" the remaining allegations set forth in Paragraph 43 of the Complaint consist of legal conclusions to which no response is required.

44.     The allegations set forth in Paragraph 44 of the Complaint state legal conclusions to which no response is required.  The legislation, Section 11(c) of Chapter 206, speaks for itself as to its content.

45.     The allegations set forth in Paragraph 45 of the Complaint state legal conclusions to which no response is required.  To the extent that a further response is required, Ameriquest denies the allegations set forth in Paragraph 45 of the Complaint.

46.     The allegations set forth in Paragraph 46 of the Complaint state legal conclusions to which no response is required.  The legislation referenced in Paragraph 46 of the Complaint speaks for itself as to its content.

47.     The allegations set forth in Paragraph 47 of the Complaint state legal conclusions to which no response is required; further answering, Ameriquest references its response to the allegations set forth in Paragraph 42 above.

48.     The allegations set forth in Paragraph 48 of the Complaint are directed to another defendant, and as such, no response is required.

### COUNT I – PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF
### (Against Ameriquest and Deutsche Bank)

49.     Ameriquest hereby incorporates by reference, as if fully set forth herein, Paragraphs 1 through 48 of this Answer.

50.     The allegations set forth in Paragraph 50 of the Complaint are directed to another defendant and state legal conclusions to which no response is required.  To the extent that a further response is required, Ameriquest denies the allegations set forth in Paragraph 50 of the Complaint.

51.     The allegations set forth in Paragraph 51 of the Complaint are directed to another defendant and state legal conclusions to which no response is required.  To the extent that a further response is required, Ameriquest denies the allegations set forth in Paragraph 51 of the Complaint.

52.     The allegations set forth in Paragraph 52 of the Complaint are directed to another defendant and state legal conclusions to which no response is required.  To the extent that a further response is required, Ameriquest denies the allegations set forth in Paragraph 52 of the Complaint.

53.     The allegations set forth in Paragraph 53 of the Complaint state legal conclusions to which no response is required.  To the extent that a further response is required, Ameriquest

denies the allegations set forth in Paragraph 53 of the Complaint.  Ameriquest hereby

incorporates by reference, as if fully set forth herein, its responses to Paragraphs 38 through 42

above.

54.     Ameriquest denies the allegations set forth in Paragraph 54 of the Complaint.

55.     The allegations set forth in Paragraph 55 of the Complaint are directed to another

defendant and state legal conclusions to which no response is required.  To the extent that a

further response is required, Ameriquest denies the allegations set forth in Paragraph 55 of the

Complaint.

56.     The allegations set forth in Paragraph 56 of the Complaint state legal conclusions

to which no response is required.

57.     Ameriquest denies the allegations set forth in Paragraph 57 of the Complaint.

58.     Ameriquest denies the allegations set forth in Paragraph 58 of the Complaint.

59.     Ameriquest denies the allegations set forth in Paragraph 59 of the Complaint.

**COUNT II – VIOLATION OF CHAPTER 93A AND ITS IMPLEMENTING REGULATIONS**
**(Against Ameriquest)**

60.     Ameriquest hereby incorporates by reference, as if fully set forth herein,

Paragraphs 1 through 59 of this Answer.

61.     Ameriquest denies the allegations set forth in Paragraph 61 of the Complaint.

62.     Ameriquest denies the allegations set forth in Paragraph 62 of the Complaint.

63.     Ameriquest denies the allegations set forth in Paragraph 63 of the Complaint.

64.     The allegations set forth in Paragraph 64 of the Complaint state legal conclusions to which no response is required.  To the extent a further response is required, Ameriquest denies the allegations set forth in Paragraph 64 of the Complaint.

## COUNT III – CLAIMS FOR UNCONSCIONABILITY AND/OR ILLEGALITY
### (Against Ameriquest)

65.     Ameriquest hereby incorporates by reference, as if fully set forth herein, Paragraphs 1 through 64 of this Answer.

66.     The allegations set forth in Paragraph 66 of the Complaint state legal conclusions to which no response is required.

67.     The allegations set forth in Paragraph 67 of the Complaint state legal conclusions to which no response is required.

68.     Ameriquest denies the allegations set forth in Paragraph 68 of the Complaint.

69.     Ameriquest denies the allegations set forth in Paragraph 69 of the Complaint.

70.     Ameriquest denies the allegations set forth in Paragraph 70 of the Complaint.

71.     The allegations set forth in Paragraph 71 of the Complaint state legal conclusions to which no response is required.

72.     Ameriquest denies the allegations set forth in Paragraph 72 of the Complaint.

73.     Ameriquest denies the allegations set forth in Paragraph 73 of the Complaint.

## COUNT IV – BREACH OF CONTRACT
### (Against Ameriquest)

74.     Ameriquest hereby incorporates by reference, as if fully set forth herein, Paragraphs 1 through 73 of this Answer.

75.     Ameriquest states that the plaintiffs' loan documents speak for themselves as to their content and is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 of the Complaint.

76.     Ameriquest denies the allegations set forth in Paragraph 76 of the Complaint.

77.     Ameriquest denies the allegations set forth in Paragraph 77 of the Complaint.

78.     Ameriquest denies the allegations set forth in Paragraph 78 of the Complaint.

79.     Ameriquest denies the allegations set forth in Paragraph 79 of the Complaint.

80.     Ameriquest denies the allegations set forth in Paragraph 80 of the Complaint.

81.     Ameriquest denies the allegations set forth in Paragraph 81 of the Complaint.

**COUNT V – INTENTIONAL MISREPRESENTATION**
**(Against Ameriquest)**

82.     Ameriquest hereby incorporates by reference, as if fully set forth herein, Paragraphs 1 through 81 of this Answer.

83.     Ameriquest denies the allegations set forth in Paragraph 83 of the Complaint.

84.     Ameriquest denies the allegations set forth in Paragraph 84 of the Complaint.

85.     Ameriquest denies the allegations set forth in Paragraph 85 of the Complaint.

86.     Ameriquest denies the allegations set forth in Paragraph 86 of the Complaint.

87.     Ameriquest denies the allegations set forth in Paragraph 87 of the Complaint.

88.     Ameriquest denies the allegations set forth in Paragraph 88 of the Complaint.

**COUNT VI – UNJUST ENRICHMENT**
**(Against Ameriquest)**

89.     Ameriquest hereby incorporates by reference, as if fully set forth herein, Paragraphs 1 through 88 of this Answer.

90.     Ameriquest denies the allegations set forth in Paragraph 90 of the Complaint.

91.     The allegations set forth in Paragraph 91 state legal conclusions and consist of plaintiffs' characterization of the case, to which no response is required.  Ameriquest denies that plaintiffs are entitled to any of the requested relief.

The remainder of the Complaint is a prayer for relief to which Ameriquest is not required to respond.  To the extent that a further response may be required, Ameriquest requests that plaintiffs' Complaint be dismissed with prejudice, that the Court enter judgment in Ameriquest's favor on all Counts of the Complaint, that Ameriquest be awarded its costs and expenses including attorneys' fees, and that the Court award such other relief as the Court deems proper.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' claims are barred by the Statute of Frauds, M.G.L. ch. 259 § 1.

2.      Plaintiffs' purported causes of action fail to state a claim upon which relief may be granted.

3.      At all relevant times, defendant, in good faith, maintained and enforced adequate policies and procedures to prevent the alleged harm complained of in plaintiffs' Complaint.

4.      Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and by application of the doctrine of laches.

5.      Plaintiffs' claims are barred, in whole or in part, because plaintiffs have failed to state their claims with sufficient particularity.

6.      Plaintiffs' claims are barred, in whole or in part, by application of the doctrines of release, estoppel, and/or waiver.

7.      Plaintiffs' claims are barred, in whole or in part, by application of the doctrine of unclean hands.

8.    Plaintiffs' claims are barred, in whole or in part, because they have failed to mitigate their damages.

9.    Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of defendant were excused by the actions of plaintiffs or others.

10.    Plaintiffs' claims are barred, in whole or in part, by the integration clause contained in plaintiffs' mortgage note and by application of the parol evidence rule.

11.    Plaintiffs' claims are barred, in whole or in part, on the ground that if plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not defendant, and any such intervening or superseding action of said parties and/or persons or entities bars plaintiffs' recovery.

12.    If plaintiffs suffered an injury, which Ameriquest denies, such injury was caused by the conduct of others for whose conduct Ameriquest is not responsible.

13.    Plaintiffs, by their knowledge, statements, and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of defendant described in the Complaint.

14.    Plaintiffs' claims are barred, in whole or in part, because plaintiffs expressly, ostensibly, and/or implicitly authorized or ratified the transactions and/or acts and/or omissions at issue.

15.    Plaintiffs' claims are barred, in whole or in part, because plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

16.    Plaintiffs' claims are barred, in whole or in part, because plaintiffs have failed to meet the jurisdictional prerequisites for maintaining a claim under Mass. Gen. Laws ch. 93A.

17.     Plaintiffs' claims are barred, in whole or in part, because they are members of a prior settlement or class that released some or all claims alleged by plaintiffs.

18.     Defendant is not liable for any claims by plaintiffs because defendant's conduct at all times complied with and was made in good faith conformity with all applicable contracts, covenants, laws, rules, regulations, and statutes.

19.     Defendant states that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated affirmative defenses. Defendant reserves its right to file a further amended Answer asserting additional defenses, and/or to file a counter- or cross-complaint in the event that discovery indicates either is appropriate.

## **PRAYER**

WHEREFORE Ameriquest respectfully requests that plaintiffs' Complaint be dismissed with prejudice, that the Court enter judgment in Ameriquest's favor on all counts of the Complaint, that Ameriquest be awarded its costs and expenses including attorneys' fees, and that the Court award such other relief as the Court deems proper.

Respectfully Submitted,

AMERIQUEST MORTGAGE COMPANY

By its attorneys,

*/s/ David D. Christensen*

R. Bruce Allensworth (BBO #015820)
bruce.allensworth@klgates.com
Phoebe S. Winder (BBO #567103)
phoebe.winder@klgates.com
Andrew C. Glass (BBO #638362)
andrew.glass@klgates.com
David D. Christensen (BBO #666401)
david.christensen@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3100

July 11, 2008

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOSEPH G. CURTIS and ELIZABETH CURTIS, | |
| Plaintiffs, | |
| v. | C. A. No. 1:08-cv-10488-WGY |
| AMERIQUEST MORTGAGE COMPANY and DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES, INC. ASSET-BACKED PASS THROUGH CERTIFICATES SERIES 2004-R10, UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF OCTOBER 1, 2004, WITHOUT RECOURSE, | |
| Defendants. | |

**DEUTSCHE BANK, AS TRUSTEE'S**
**AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc. Asset-Backed Pass Through Certificates Series 2004-R10, under the Pooling and Servicing Agreement dated as of October 1, 2004, Without Recourse, ("Deutsche Bank, as Trustee"), by and through its attorneys, K&L Gates LLP, hereby answers the Complaint ("Complaint") brought by plaintiffs Joseph G. Curtis and Elizabeth Curtis. Deutsche Bank, as Trustee makes this Answer only on its own behalf. To the extent that any allegations set forth in the Complaint are addressed to any other defendant, unidentified party, or non-existent party,

Deutsche Bank, as Trustee is without knowledge or information sufficient to form a belief as to the truth of such allegations except as expressly stated below.

Deutsche Bank, as Trustee answers plaintiffs' Complaint as follows:

## PRELIMINARY STATEMENT

1.    As to the first sentence in Paragraph 1 of the Complaint, Deutsche Bank, as Trustee admits that the plaintiffs own a home in Cotuit, Massachusetts, and have filed this Complaint against Ameriquest Mortgage Company ("Ameriquest") as their lender.  As to the second and third sentences of Paragraph 1 of the Complaint, the allegations set forth therein are directed to another defendant and no response from Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in the second and third sentences of Paragraph 1 of the Complaint.

2.    As to the first sentence of Paragraph 2 of the Complaint, Deutsche Bank, as Trustee admits that the plaintiffs entered into a loan with Ameriquest that was secured by their Cotuit property, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth therein.  As to the second and fourth sentences of Paragraph 2 of the Complaint, the allegations set forth therein are directed to another defendant and no response by Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee states that the plaintiffs' loan documents speak for themselves as to their content and denies the remaining allegations set forth in the second and fourth sentences of Paragraph 2 of the Complaint.  As to the third sentence of Paragraph 2 of the Complaint, the allegations set forth therein are directed to another defendant and no response from Deutsche Bank, as Trustee is required.  To the extent a further response is required,

Deutsche Bank, as Trustee denies the allegations set forth in the third sentence of Paragraph 2 of the Complaint.

3.      (Incorrectly numbered as Paragraph 4).  The allegations set forth in Paragraph 3 of the Complaint (incorrectly numbered as Paragraph 4) are directed to another defendant and no response from Deutsche Bank, as Trustee is required. To the extent a further response may be required, Deutsche Bank, as Trustee denies the remaining allegations set forth in Paragraph 3 of the Complaint (incorrectly numbered as Paragraph 4).

4.      (Incorrectly numbered as Paragraph 5).  As to the first sentence of Paragraph 4 of the Complaint (incorrectly numbered as Paragraph 5), Deutsche Bank, as Trustee admits that it commenced foreclosure proceedings on behalf of Ameriquest Mortgage Securities, Inc. Asset-Backed Pass Through Certificates Series 2004-R10, under the Pooling and Servicing Agreement dated as of October 1, 2004, Without Recourse.  As to the second sentence of Paragraph 4 of the Complaint (incorrectly numbered as Paragraph 5), Deutsche Bank, as Trustee states that the foreclosure sale referenced therein has been canceled.

5.      (Incorrectly numbered as Paragraph 6).  Deutsche Bank, as Trustee states that the document attached to the Complaint as Exhibit A speaks for itself as to its content.

6.      (Incorrectly numbered as Paragraph 7).  The allegations set forth in Paragraph 6 of the Complaint (incorrectly numbered as Paragraph 7) consist of the plaintiffs' characterization of the case, to which no response is required.  Deutsche Bank, as Trustee denies that plaintiffs are entitled to the relief they have requested.

## JURISDICTION AND VENUE

7.      (Incorrectly numbered as Paragraph 8).  The allegations set forth in Paragraph 7 of the Complaint (incorrectly numbered as Paragraph 8) state legal conclusions to which no

response is required. Ameriquest, with the consent of Deutsche Bank, as Trustee, has removed this case to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

8.    (Incorrectly numbered as Paragraph 9). The allegations set forth in Paragraph 8 of the Complaint (incorrectly numbered as Paragraph 9) state legal conclusions to which no response is required.

**PARTIES**

9.    (Incorrectly numbered as Paragraph 10). Upon information and belief, Deutsche Bank, as Trustee admits the allegations set forth in Paragraph 9 of the Complaint (incorrectly numbered as Paragraph 10).

10.    (Incorrectly numbered as Paragraph 11). Deutsche Bank, as Trustee admits that on information and belief Ameriquest is a Delaware Corporation and that its principal place of business is 1100 Town & Country Rd., Suite 1200, Orange, California 92868.

11.    (Incorrectly numbered as Paragraph 12). The allegations set forth in Paragraph 11 of the Complaint (incorrectly numbered as Paragraph 12) are directed to another defendant and no response from Deutsche Bank, as Trustee is required. To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 11 of the Complaint, (incorrectly numbered as Paragraph 12).

12.    (Incorrectly numbered as Paragraph 13). The allegations set forth in Paragraph 12 of the Complaint (incorrectly numbered as Paragraph 13) are directed to another defendant and no response from Deutsche Bank, as Trustee is required. To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 12 of the Complaint, (incorrectly numbered as Paragraph 13).

13.    (Incorrectly numbered as Paragraph 14).  The allegations set forth in Paragraph 13 of the Complaint (incorrectly numbered a Paragraph 14) state legal conclusions to which no response is required.

14.    (Incorrectly numbered as Paragraph 15).  Deutsche Bank, as Trustee states that Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc. Asset-Backed Pass Through Certificates Series 2004-R10, under the Pooling and Servicing Agreement dated as of October 1, 2004, Without Recourse, ("Deutsche Bank, as Trustee"), has a principal place of business located at 1761 East Street, Andrews Place, Santa Ana, California, 92705.

## FACTS

15.    (Incorrectly numbered as Paragraph 16).  As to the first sentence of Paragraph 15 of the Complaint (incorrectly numbered as Paragraph 16), Deutsche Bank, as Trustee is without knowledge or information sufficient to form a belief as to the truth of those allegations as set forth therein.  Deutsche Bank, as Trustee admits the allegations set forth in the second sentence of Paragraph 15 of the Complaint (incorrectly numbered as Paragraph 16).

16.    (Incorrectly numbered as Paragraph 17).  The allegations set forth in Paragraph 16 of the Complaint (incorrectly numbered as Paragraph 17) are directed to another defendant and no response from Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint (incorrectly numbered as Paragraph 17).

17.     (Incorrectly numbered as Paragraph 18).  Deutsche Bank, as Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint (incorrectly numbered as Paragraph 18).

18.     (Incorrectly numbered as Paragraph 19).  The allegations set forth in Paragraph 18 of the Complaint (incorrectly numbered as Paragraph 19) are directed to another defendant and no response from Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee states that the plaintiffs' loan documents speak for themselves as to their content, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 18 of the Complaint (incorrectly numbered as Paragraph 19).

19.     The allegations set forth in Paragraph 19 of the Complaint are directed to another defendant and no response from Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee states that the plaintiffs' loan documents speak for themselves as to their content, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 19 of the Complaint.

20.     Deutsche Bank, as Trustee states that the plaintiffs' loan documents speak for themselves as to their content.

21.     The allegations set forth in Paragraph 21 of the Complaint are directed to another defendant and no response from Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 21 of the Complaint.

22.     The allegations set forth in Paragraph 22 of the Complaint are directed to another defendant and no response from Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint.

23.     The allegations set forth in Paragraph 23 of the Complaint are directed to another defendant and no response from Deutsche Bank, as Trustee is required.  To the extent a further response is required, Deutsche Bank, as Trustee states that the plaintiffs' loan documents speak for themselves as to their content.

24.     The allegations set forth in Paragraph 24 of the Complaint are directed to another defendant and no response from Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint.

25.     The allegations set forth in Paragraph 25 of the Complaint are directed to another defendant and no response from Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint.

26.     The allegations set forth in Paragraph 26 of the Complaint are directed to another defendant and no response from Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee is without knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint.

27.     The allegations set forth in Paragraph 27 of the Complaint are directed to another defendant, and no response from Deutsche Bank, as Trustee is required. To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 27 of the Complaint.

28.     Deutsche Bank, as Trustee states that the letter attached as Exhibit B to the Complaint speaks for itself as to its content.

29.     Deutsche Bank, as Trustee states that the letter attached as Exhibit C to the Complaint speaks for itself as to its content.

30.     Deutsche Bank, as Trustee states that the letter attached as Exhibit D to the Complaint speaks for itself as to its content.

31.     Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 31 of the Complaint.

32.     Deutsche Bank, as Trustee states that the document attached as Exhibit E to the Complaint speaks for itself as to its content.

33.     Deutsche Bank, as Trustee states that the document attached as Exhibit A to the Complaint speaks for itself as to its content.

34.     As to the first sentence of Paragraph 34 of the Complaint, the allegations set forth therein state legal conclusions to which no response is required. To the extent a response may be required, Deutsche Bank, as Trustee denies the allegations set forth in the first sentence of Paragraph 34 of the Complaint. As to the second sentence of Paragraph 34 of the Complaint,

Deutsche Bank, as Trustee states that the record at the Barnstable County Registry of Deeds speaks for itself as to its content.

35.    Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 35 of the Complaint.

36.    Deutsche Bank, as Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint.

37.    As to the first sentence of Paragraph 37 of the Complaint, Deutsche Bank, as Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  As to the second and third sentences of Paragraph 37 of the Complaint, Deutsche Bank, as Trustee states that the plaintiffs' loan documents speak for themselves as to their content, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth therein.

***Emergency Legislation Governing Foreclosure Proceedings***

38.    Deutsche Bank, as Trustee states that the legislation referenced in Paragraph 38 of the Complaint speaks for itself as to its content.

39.    Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 39 of the Complaint, further answering that the House Bill 4387 attached as Exhibit F to the Complaint and dated November 20, 2007 is not the law in the Commonwealth of Massachusetts, and that the law signed by the Governor is known as Chapter 206 of the Acts of 2007 (hereinafter "Chapter 206").

40.    Deutsche Bank, as Trustee states that the document attached as Exhibit G to the Complaint speaks for itself as to its content.

41.    Deutsche Bank, as Trustee states that the legislation, Section 11 of Chapter 206 of the Acts of 2007, speaks for itself as to its content.

42.    Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 42 of the Complaint, further answering that Section 21 of Chapter 206 makes Section 11 effective as of *May 1, 2008* and not May 1, 2007.  Deutsche Bank, as Trustee states that Chapter 206 was amended and clarified by Chapter 224 of the Acts of 2007, Section 2, which provides that "Said section 11 shall not apply to such mortgages accelerated or whose statutory condition has been voided under the terms of the mortgage to secure the note, prior to May 1, 2008." (Signed by the Governor on December 28, 2007).

43.    Deutsche Bank, as Trustee admits that plaintiffs' property is "a residential real property located in the Commonwealth;" the remaining allegations set forth in Paragraph 43 of the Complaint consist of legal conclusions to which no response is required.

44.    The allegations set forth in Paragraph 44 of the Complaint state legal conclusions to which no response is required.  The legislation, Section 11(c) of Chapter 206, speaks for itself as to its content.

45.    The allegations set forth in Paragraph 45 of the Complaint state legal conclusions to which no response is required.  To the extent that a further response is required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 45 of the Complaint.

46.    The allegations set forth in Paragraph 46 of the Complaint state legal conclusions to which no response is required.  The legislation referenced in Paragraph 46 of the Complaint speaks for itself as to its content.

47.     The allegations set forth in Paragraph 47 of the Complaint state legal conclusions to which no response is required; further answering, Deutsche Bank, as Trustee references its response to the allegations set forth in Paragraph 42 above.

48.     Deutsche Bank, as Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Complaint.

## COUNT I – PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF
### (Against Ameriquest and Deutsche Bank)

49.     Deutsche Bank, as Trustee hereby incorporates by reference, as if fully set forth herein, Paragraphs 1 through 48 of this Answer.

50.     The allegations set forth in Paragraph 50 of the Complaint state legal conclusions to which no response is required.  To the extent that a further response is required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 50 of the Complaint.

51.     The allegations set forth in Paragraph 51 of the Complaint state legal conclusions to which no response is required.  To the extent that a further response is required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 51 of the Complaint.

52.     The allegations set forth in Paragraph 52 of the Complaint state legal conclusions to which no response is required.  To the extent that a further response is required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 52 of the Complaint.

53.     The allegations set forth in Paragraph 53 of the Complaint state legal conclusions to which no response is required.  To the extent that a further response is required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 53 of the Complaint.  Deutsche Bank, as Trustee hereby incorporates by reference, as if fully set forth herein, its responses to Paragraphs 38 through 42 above.

54.     Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 54 of the Complaint.

55.     The allegations set forth in Paragraph 55 of the Complaint state legal conclusions to which no response is required.  To the extent that a further response is required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 55 of the Complaint.

56.     The allegations set forth in Paragraph 56 of the Complaint state legal conclusions to which no response is required.

57.     Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 57 of the Complaint.

58.     Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 58 of the Complaint.

59.     Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 59 of the Complaint.

## COUNT II – VIOLATION OF CHAPTER 93A AND ITS IMPLEMENTING REGULATIONS
### (Against Ameriquest)

60.     Deutsche Bank, as Trustee hereby incorporates by reference, as if fully set forth herein, Paragraphs 1 through 59 of this Answer.

61.     The allegations set forth in Paragraph 61 of the Complaint are directed to another defendant and no response from Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 61 of the Complaint.

62.      The allegations set forth in Paragraph 62 of the Complaint are directed to another defendant and no response from Deutsche Bank, as Trustee is required.  To the extent a further

response may be required, Deutsche Bank, as Trustee denies the allegations set forth in

Paragraph 62 of the Complaint.

63.     The allegations set forth in Paragraph 63 of the Complaint are directed to another

defendant and no response from Deutsche Bank, as Trustee is required.  To the extent a further

response may be required, Deutsche Bank, as Trustee denies the allegations set forth in

Paragraph 63 of the Complaint.

64.     The allegations set forth in Paragraph 64 of the Complaint are directed to another

defendant and state legal conclusions to which no response is required.  To the extent a further

response is required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 64

of the Complaint.

### COUNT III – CLAIMS FOR UNCONSCIONABILITY AND/OR ILLEGALITY
#### (Against Ameriquest)

65.     Deutsche Bank, as Trustee hereby incorporates by reference, as if fully set forth

herein, Paragraphs 1 through 64 of this Answer.

66.     The allegations set forth in Paragraph 66 of the Complaint are directed to another

defendant and state legal conclusions to which no response is required.

67.     The allegations set forth in Paragraph 67 of the Complaint are directed to another

defendant and state legal conclusions to which no response is required.

68.     The allegations set forth in Paragraph 68 of the Complaint are directed to another

defendant and state legal conclusions to which no response is required.  To the extent a further

response may be required, Deutsche Bank, as Trustee denies the allegations set forth in

Paragraph 68 of the Complaint.

69.     The allegations set forth in Paragraph 69 of the Complaint are directed to another

defendant and state legal conclusions to which no response is required.  To the extent a further

response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 69 of the Complaint.

70.    The allegations set forth in Paragraph 70 of the Complaint are directed to another defendant and state legal conclusions to which no response is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 70 of the Complaint.

71.    The allegations set forth in Paragraph 71 of the Complaint are directed to another defendant and state legal conclusions to which no response is required.

72.    The allegations set forth in Paragraph 72 of the Complaint are directed to another defendant and state legal conclusions to which no response is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 72 of the Complaint.

73.    The allegations set forth in Paragraph 73 of the Complaint are directed to another defendant and state legal conclusions to which no response is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 73 of the Complaint.

## COUNT IV – BREACH OF CONTRACT
### (Against Ameriquest)

74.    Deutsche Bank, as Trustee hereby incorporates by reference, as if fully set forth herein, Paragraphs 1 through 73 of this Answer.

75.    The allegations set forth in Paragraph 75 of the Complaint are directed to another defendant and no response from Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee states that the plaintiffs' loan documents

speak for themselves as to their content and is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 of the Complaint.

76.    The allegations set forth in Paragraph 76 of the Complaint are directed to another defendant and state legal conclusions to which no response is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 76 of the Complaint.

77.    The allegations set forth in Paragraph 77 of the Complaint are directed at another defendant and no response from Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 77 of the Complaint.

78.    The allegations set forth in Paragraph 78 of the Complaint are directed to another defendant and state legal conclusions to which no response is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 78 of the Complaint.

79.    The allegations set forth in Paragraph 79 of the Complaint are directed to another defendant and no response by Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 79 of the Complaint.

80.    The allegations set forth in Paragraph 80 of the Complaint are directed to another defendant and no response by Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 80 of the Complaint.

81.     The allegations set forth in Paragraph 81 of the Complaint are directed to another defendant and state legal conclusions to which no response is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 81 of the Complaint.

## COUNT V – INTENTIONAL MISREPRESENTATION
### (As Ameriquest)

82.     Deutsche Bank, as Trustee hereby incorporates by reference, as if fully set forth herein, Paragraphs 1 through 81 of this Answer.

83.     The allegations set forth in Paragraph 83 of the Complaint are directed to another defendant and state legal conclusions to which no response is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 83 of the Complaint.

84.     The allegations set forth in Paragraph 84 of the Complaint are directed to another defendant and no response by Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 84 of the Complaint.

85.     The allegations set forth in Paragraph 85 of the Complaint are directed to another defendant and no response by Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 85 of the Complaint.

86.     The allegations set forth in Paragraph 86 of the Complaint are directed to another defendant and no response by Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 86 of the Complaint.

87.    The allegations set forth in Paragraph 87 of the Complaint are directed to another defendant and no response by Deutsche Bank, as Trustee is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 87 of the Complaint.

88.    The allegations set forth in Paragraph 88 of the Complaint are directed to another defendant and state legal conclusions to which no response is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 88 of the Complaint.

**COUNT VI – UNJUST ENRICHMENT**
**(Against Ameriquest)**

89.    Deutsche Bank, as Trustee hereby incorporates by reference, as if fully set forth herein, Paragraphs 1 through 88 of this Answer.

90.    The allegations set forth in Paragraph 90 of the Complaint are directed to another defendant and state legal conclusions to which no response is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies the allegations set forth in Paragraph 90 of the Complaint.

91.    The allegations set forth in Paragraph 91 of the Complaint are directed to another defendant, state legal conclusions and consist of plaintiffs' characterization of the case, to which no response is required.  To the extent a further response may be required, Deutsche Bank, as Trustee denies that plaintiffs are entitled to any of the requested relief.

The remainder of the Complaint is a prayer for relief to which Deutsche Bank, as Trustee is not required to respond.  To the extent that a further response may be required, Deutsche Bank, as Trustee requests that plaintiffs' Complaint be dismissed with prejudice, that the Court enter judgment in Deutsche Bank, as Trustee's favor on all Counts of the Complaint, that Deutsche

Bank, as Trustee be awarded its costs and expenses including attorneys' fees, and that the Court award such other relief as the Court deems proper.

## <u>AFFIRMATIVE DEFENSES</u>

1.      Plaintiffs' claims are barred by the Statute of Frauds, M.G.L. ch. 259 § 1.

2.      Plaintiffs' purported causes of action fail to state a claim upon which relief may be granted.

3.      At all relevant times, defendant, in good faith, maintained and enforced adequate policies and procedures to prevent the alleged harm complained of in plaintiffs' Complaint.

4.      Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and by application of the doctrine of laches.

5.      Plaintiffs' claims are barred, in whole or in part, because plaintiffs have failed to state their claims with sufficient particularity.

6.      Plaintiffs' claims are barred, in whole or in part, by application of the doctrines of release, estoppel, and/or waiver.

7.      Plaintiffs' claims are barred, in whole or in part, by application of the doctrine of unclean hands.

8.      Plaintiffs' claims are barred, in whole or in part, because they have failed to mitigate their damages.

9.      Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of defendant were excused by the actions of plaintiffs or others.

10.    Plaintiffs' claims are barred, in whole or in part, by the integration clause contained in plaintiffs' mortgage note and by application of the parol evidence rule.

11.    Plaintiffs' claims are barred, in whole or in part, on the ground that if plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not defendant, and any such intervening or superseding action of said parties and/or persons or entities bars plaintiffs' recovery.

12.    If plaintiffs suffered an injury, which Deutsche Bank, as Trustee denies, such injury was caused by the conduct of others for whose conduct Deutsche Bank, as Trustee is not responsible.

13.    Plaintiffs, by their knowledge, statements, and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of defendant described in the Complaint.

14.    Plaintiffs' claims are barred, in whole or in part, because plaintiffs expressly, ostensibly, and/or implicitly authorized or ratified the transactions and/or acts and/or omissions at issue.

15.    Plaintiffs' claims are barred, in whole or in part, because plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

16.    Plaintiffs' claims are barred, in whole or in part, because plaintiffs have failed to meet the jurisdictional prerequisites for maintaining a claim under Mass. Gen. Laws ch. 93A.

17.    Plaintiffs' claims are barred, in whole or in part, because they are members of a prior settlement or class that released some or all claims alleged by plaintiffs.

18.     Defendant is not liable for any claims by plaintiffs because defendant's conduct at all times complied with and was made in good faith conformity with all applicable contracts, covenants, laws, rules, regulations, and statutes.

19.     Defendant states that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated affirmative defenses. Defendant reserves its right to file a further amended Answer asserting additional defenses, and/or to file a counter- or cross-complaint in the event that discovery indicates either is appropriate.

## **PRAYER**

WHEREFORE, Deutsche Bank, as Trustee respectfully requests that plaintiffs' Complaint be dismissed with prejudice, that the Court enter judgment in Deutsche Bank, as Trustee's favor on all counts of the Complaint, that Deutsche Bank, as Trustee be awarded its costs and expenses including attorneys' fees, and that the Court award such other relief as the Court deems proper.

Respectfully Submitted,

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE OF AMERIQUEST
MORTGAGE SECURITIES, INC. ASSET-
BACKED PASS THROUGH CERTIFICATES
SERIES 2004-R10, UNDER THE POOLING
AND SERVICING AGREEMENT DATED AS
OF OCTOBER 1, 2004, WITHOUT
RECOURSE,

By its attorneys,

*/s/ David D. Christensen*
R. Bruce Allensworth (BBO #015820)
bruce.allensworth@klgates.com
Phoebe S. Winder (BBO #567103)
phoebe.winder@klgates.com
Andrew C. Glass (BBO #638362)
andrew.glass@klgates.com
David D. Christensen (BBO #666401)
david.christensen@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3100

July 11, 2008