UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH G. CURTIS and<br>ELIZABETH CURTIS,<br><br>       Plaintiffs,<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY<br>and<br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY, AS TRUSTEE OF<br>AMERIQUEST MORTGAGE<br>SECURITIES, INC. ASSET-BACKED<br>PASS THROUGH CERTIFICATES<br>SERIES 2004-R10, UNDER THE<br>POOLING AND SERVICING<br>AGREEMENT DATED AS OF OCTOBER<br>1, 2004, WITHOUT RECOURSE,<br><br>       Defendants. | C. A. No. 1:08-cv-10488-WGY |

**JOINT MOTION TO STAY ACTION PENDING TRANSFER
DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

Defendants, Ameriquest Mortgage Company ("Ameriquest") and Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc. Asset-Backed Pass Through Certificates Series 2004-R10, under the Pooling and Servicing Agreement dated as of October 1, 2004, Without Recourse ("Deutsche Bank, as Trustee"), and plaintiffs, Joseph G. Curtis and Elizabeth Curtis, (collectively, "the parties") respectfully move the Court to stay this action pending a transfer decision by the Judicial Panel on Multidistrict Litigation ("MDL Panel"). The MDL Panel is currently reviewing the parties' joint request to transfer this action to the Northern District of Illinois as a "Tag Along" Action for consolidated pre-trial proceedings in

<u>In re Ameriquest Mortgage Company Mortgage Lending Practices Litigation</u>, MDL 1715 (N.D. Ill.).  In support of their Motion, the parties state as follows:

1.On or about March 4, 2008, plaintiffs filed a complaint ("Complaint") in the Superior Court for Barnstable County, Massachusetts.

2.On or about March 25, 2008, Ameriquest timely removed the action to this Court, to which removal Deutsche Bank, as Trustee consented.  <u>See</u> Docket No. 1.

3.On or about April 1, 2008, Ameriquest and Deutsche Bank, as Trustee each filed answers to the Complaint.  <u>See</u> Docket Nos. 4, 5.

4.On or about June 9, 2008, plaintiffs filed an assented-to motion for leave to amend the Complaint.  <u>See</u> Docket No. 13.

5.On or about July 11, 2009, defendants filed an assented-to motion for leave to amend their Answers to the Complaint.  <u>See</u> Docket No. 17.

6.On December 14, 2005, the MDL Panel transferred five cases to the Northern District of Illinois for consolidated pre-trial proceedings in <u>In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation</u>, MDL 1715 (N.D. Ill.) ("Illinois MDL").  A copy of the decision of the MDL Panel is attached hereto as Exhibit A.  The five original actions alleged claims concerning the lending practices of Ameriquest, including claims concerning the soliciting and closing of residential mortgage loan transactions.  The MDL Panel determined that "[c]entralization under § 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, including those with respect to class certification, and conserve the resources of the parties, their counsel and the judiciary."  <u>See</u> Exhibit A.  To date, over 400 cases have been transferred to the Illinois MDL.

7. On July 9, 2008, the parties submitted a joint letter, attached hereto as Exhibit B, to the MDL Panel requesting a transfer of this action to the Illinois MDL, pursuant to 28 U.S.C. § 1407, as a potential "Tag Along" action. The MDL Panel is currently reviewing the parties' joint transfer request.

8. In light of their joint transfer request, the parties agree that it would be appropriate for the Court to stay all proceedings, with the exception of plaintiffs' assented-to motion for leave to amend the Complaint filed June 9, 2008, and defendants' assented-to motion for leave to amend their Answers filed July 11, 2008, in this action pending the MDL Panel's decision on the anticipated transfer of this case as a "Tag Along" Action to the Illinois MDL. A stay would avoid duplicative litigation efforts and costs and thus ensure a more efficient use of judicial and party resources. See Vermurlen v. Ameriquest Mortgage Co., Civ. A. No. 06-828, 2007 WL 3104339, at *1 (W.D. Mich. Oct. 22, 2007) (granting motion to stay further proceedings pending transfer decision into the Illinois MDL); Jones v. Lewis, Civ. A. No. 06-1051, 2006 WL 1006881, at *1-2 (W.D. Tenn. Apr. 17, 2006) (same; finding stay would "promote judicial economy and conserve judicial resources" and avoid risk of "duplicative motions"); Kavalir v. Medtronic, Civ. A. No. 07-0835, 2007 WL 1225358, at *4 (N.D. Ill. Apr. 19, 2007) (granting motion to stay further proceedings until likely transfer to MDL where such stay would promote "the interests of judicial economy").

9. More particularly, the parties request that the stay include, but not be limited to, a stay of: (a) the May 7, 2008 Case Management Scheduling Order; and (b) all deadlines and obligations imposed upon the parties pursuant to Fed. R. Civ. P. 16 and 26, and L.R. 16.1.

10. The requested stay, if granted, will neither materially delay the prosecution of this action nor prejudice any party. Furthermore, granting the parties' request for a stay will conserve the time and resources of the Court and the parties.

11. Currently pending before the Court are plaintiffs' assented-to motion for leave to amend their Complaint and defendants' assented-to motion for leave to amend their Answers. The parties respectfully request that the Court rule on these pending motions before the Court stays the proceedings in this action. Further, the parties respectfully request that if the Court allows plaintiffs' assented-to motion for leave to amend their Complaint, the Court grant defendants 20 days from the docketing of the Amended Complaint in which to move, answer, or otherwise respond to the Amended Complaint.

12. All the parties to this lawsuit have joined in this Motion.

WHEREFORE, defendants Ameriquest Mortgage Company and Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc. Asset-Backed Pass Through Certificates Series 2004-R10, under the Pooling and Servicing Agreement dated as of October 1, 2004, Without Recourse, and plaintiffs Joseph G. Curtis and Elizabeth Curtis, request that the Court: (1) stay this action pending the MDL Panel's decision on the anticipated transfer of this case as a "Tag Along" Action to the Illinois MDL, including, but not limited to, staying (a) the May 7, 2008 Case Management Scheduling Order, and (b) all deadlines and obligations imposed upon the parties pursuant to Fed. R. Civ. P. 16 and 26 and L.R. 16.1; (2) grant plaintiffs' assented-to motion for leave to amend their Complaint, allowing defendants 20 days from the date of the docketing of the Amended Complaint in which to move, answer, or otherwise respond to the Amended Complaint; (3) grant defendants' assented-to motion for leave to amend their Answers; and (4) order such other relief as the Court deems just and necessary.

- 5 -

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| JOSEPH G. CURTIS and ELIZABETH CURTIS, | AMERIQUEST MORTGAGE COMPANY and DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES, INC. ASSET-BACKED PASS THROUGH CERTIFICATES SERIES 2004-R10, UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF OCTOBER 1, 2004, WITHOUT RECOURSE |
| By their attorneys, | By their attorneys, |
| */s/ Matthew J. Dunn (by permission)*<br>Matthew J. Dunn (BBO #654041)<br>mdunn23@yahoo.com<br>THE DUNN LAW GROUP<br>15 Broad Street, Suite 512<br>Boston, MA 02108<br>617-725-0033 | */s/ David D. Christensen*<br>R. Bruce Allensworth (BBO #015820)<br>bruce.allensworth@klgates.com<br>Phoebe S. Winder (BBO #567103)<br>phoebe.winder@klgates.com<br>Andrew C. Glass (BBO #638362)<br>andrew.glass@klgates.com<br>David D. Christensen (BBO #666401)<br>david.christensen@klgates.com<br>K&L GATES LLP<br>State Street Financial Center<br>One Lincoln Street<br>Boston, MA 02111<br>(617) 261-3100 |

Dated:  July 11, 2008

## CERTIFICATE OF SERVICE

     I hereby certify that this **Joint Motion to Stay Action Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation** filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on July 11, 2008.

                                           */s/ David D. Christensen*
                                           David D. Christensen

# EXHIBIT A

Case 1:08-cv-04549    Document 18-2    Filed 07/11/2008    Page 1 of 4

A CERTIFIED TRUE COPY

DEC 1 3 2005

ATTEST *Janisha Spencer*
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
DEC 14 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT
RELEASED FOR PUBLICATION

DOCKET NO. 1715

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 13 2005

FILED
CLERK'S OFFICE

05cv7097

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

## TRANSFER ORDER

This litigation currently consists of one action each in the Central District of California, Northern District of California, Middle District of Florida, District of Massachusetts and Southern District of New York as listed on the attached Schedule A.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by plaintiffs in the Southern District of New York action for coordinated or consolidated pretrial proceedings of these actions in the Central District of California. No plaintiff opposes the motion. Plaintiff in the Central District of California action initially opposed, but now supports, the motion for transfer to that district, along with plaintiffs in a potential tag-along action pending there.[2] Plaintiffs in the Northern District of California action support the motion; if the Panel does not order centralization in the Central District of California, these plaintiffs support transfer to any centrally located district with the resources to handle this litigation. Defendants Ameriquest Mortgage Co., Ameriquest Capital Corp. and Argent Mortgage Co. (collectively Ameriquest) oppose the motion.

On the basis of the papers filed and hearing session held, the Panel finds that these five actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All five actions before the Panel concern allegedly predatory lending practices by Ameriquest Mortgage Co., or a related entity, in soliciting and closing residential mortgage

---

[1] Four additional actions are pending two apiece in the Central District of California and Northern District of Illinois, and one related action each is in the Middle District of Florida and District of Minnesota. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] Plaintiffs in one Northern District of Illinois related action initially opposed the motion as well, but withdrew their response because moving plaintiffs submitted a pleading expressly stating that they do not seek transfer of that action.

transactions; among other things, plaintiffs allege that Ameriquest failed to disclose material terms and engaged in so-called bait-and-switch tactics. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, including those with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Ameriquest opposes the motion, in part, because plaintiffs seek redress under different legal theories and purport to represent varying putative classes. We find these contentions unpersuasive. Transfer under Section 1407 does not require a complete identity, or even majority, of common factual issues as a prerequisite to transfer and has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that allows discovery with respect to any individual issues to proceed concurrently with discovery on common issues. *See, e.g., In re Insurance Brokerage Antitrust Litigation*, 360 F.Supp. 2d 1371 (J.P.M.L. 2005). Indeed, the transferee court can employ any number of pretrial techniques, such as establishing separate discovery and/or motion tracks, to manage this litigation efficiently and to ensure that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions.

As suggested by the moving plaintiffs, the Panel initially considered transferring this litigation to the Central District of California; however, the judge assigned to the constituent action pending in that district expressed reluctance in light of her current caseload. The Panel has thus determined that the Northern District of Illinois is an appropriate transferee district for this litigation. Two actions involving the lending practices of Ameriquest are pending in this district. Also, this geographically central district will be a convenient location for a litigation already nationwide in scope.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Marvin E. Aspen for coordinated or consolidated pretrial proceedings in that district.

FOR THE PANEL:

_/s/ Wm. Terrell Hodges_

Wm. Terrell Hodges
Chairman

# SCHEDULE A

MDL-1715 -- In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation

<u>Central District of California</u>

*Adolph Peter Kurt Burggraff v. Ameriquest Capital Corp., et al.*, C.A. No. 2:04-9715

<u>Northern District of California</u>

*Nona Knox, et al. v. Ameriquest Mortgage Co., et al.*, C.A. No. 3:05-240

<u>Middle District of Florida</u>

*Latonya Williams, et al. v. Ameriquest Mortgage Co.*, C.A. No. 8:05-1036

<u>District of Massachusetts</u>

*Isabelle M. Murphy, et al. v. Ameriquest Mortgage Co.*, C.A. No. 1:04-12651

<u>Southern District of New York</u>

*Cheryl Williams, et al. v. Ameriquest Mortgage Co.*, C.A. No. 1:05-6189

# EXHIBIT B

Case 1:08-cv-04549 Document 18-3 Filed 07/11/2008 Page 1 of 3



**BuchalterNemer**
A Professional Law Corporation

1000 WILSHIRE BOULEVARD, SUITE 1500, LOS ANGELES, CALIFORNIA 90017-2457
TELEPHONE (213) 891-0700 / FAX (213) 896-0400

Direct Dial Number: (213) 891-5230
Direct Facsimile Number: (213) 630-5715
E-Mail Address: *blesage@buchalter.com*

July 9, 2008

**VIA FEDERAL EXPRESS**

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E.
Room G-255, North Lobby
Washington, D.C. 20002-8004

Re:   **In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation**
      **MDL Docket No. 1715 (N.D. Ill. Lead Case No. 05-07097)**

Dear Clerk of the Panel:

Plaintiffs Joseph Curtis and Elizabeth Curtis and Defendants Ameriquest Mortgage Company and Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc. Asset-Backed Pass Through Certificates Series 2004-R10, under the Pooling and Servicing Agreement dated as of October 1, 2004, Without Recourse ("Deutsche Bank National Trust Company, as Trustee") have agreed to and hereby jointly request a conditional transfer order in *Curtis, et al. v. Ameriquest Mortgage Company, et al.*, Case No. 08-CV-10488 (D. Mass.), a potential "Tag Along" action that involves common questions of fact with actions previously transferred under 28 U.S.C. § 1407 to MDL Docket No. 1715 pending before the United States District Court for the Northern District of Illinois for coordinated or consolidated pretrial proceedings.

| DISTRICT DIV./CIVIL ACTION NO. | CASE NAME |
|---|---|
| **MASSACHUSETTS** | |
| United States District Court for the District of Massachusetts, Case No. 08-CV-01864 | *Curtis, et al. v. Ameriquest Mortgage Company, et al.* |

Pursuant to the Rules of Multidistrict Litigation and for the Panel's convenience, enclosed is a copy of this potential "Tag Along" action's proposed amended complaint which is the subject of an assented-to motion for leave to amend the complaint currently pending before the United States District Court for the District of Massachusetts.

Buchalter Nemer

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
July 9, 2008
Page 2

Thank you for your attention to this matter.

                                             Sincerely,

                                             Bernard E. LeSage
                                             Attorney for Defendants
                                             Ameriquest Mortgage Company and
                                             Deutsche Bank National Trust Company, as Trustee

                                             Matthew J. Dunn
                                             Attorney for Plaintiffs
                                             Joseph Curtis and Elizabeth Curtis

Enclosure