UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH G. CURTIS and<br>ELIZABETH CURTIS,<br><br>          Plaintiffs,<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY<br>and<br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY, AS TRUSTEE OF<br>AMERIQUEST MORTGAGE<br>SECURITIES, INC. ASSET-BACKED<br>PASS THROUGH CERTIFICATES<br>SERIES 2004-R10,<br><br>          Defendants. | C. A. No. 1:08-cv-10488-WGY |

## AMERIQUEST MORTGAGE COMPANY'S
## ANSWER TO FIRST AMENDED COMPLAINT

Defendant Ameriquest Mortgage Company ("Ameriquest"), by and through its attorneys, K&L Gates LLP, hereby answers the First Amended Complaint brought by plaintiffs Joseph G. Curtis and Elizabeth Curtis. Ameriquest makes this Answer only on its own behalf. To the extent that any allegations set forth in the First Amended Complaint are addressed to any other defendant, unidentified party, or non-existent party, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of such allegations except as expressly stated below. Except as expressly admitted or denied below, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations of each and every paragraph of the First Amended Complaint.

Ameriquest answers plaintiffs' First Amended Complaint as follows:

BOS-1228768 v6

## I.     PRELIMINARY STATEMENT

1. The allegations set forth in the first sentence of paragraph 1 of the First Amended Complaint are characterizations of plaintiffs' case to which no response is required. Ameriquest denies the remaining allegations set forth in paragraph 1 of the First Amended Complaint.

## II.     PARTIES

2. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the First Amended Complaint.

3. Ameriquest admits that it is a corporation organized under the laws of the State of Delaware and that it had a principal place of business located at 1100 Town & Country Rd., Suite 1200, Orange, California 92868, but otherwise denies the allegations set forth in paragraph 3 of the First Amended Complaint.

4. Ameriquest admits, upon information and belief, that Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc. Asset-Backed Pass Through Certificates Series 2004-R10, under the Pooling and Servicing Agreement dated as of October 1, 2004, Without Recourse ("Deutsche Bank, as Trustee") is a national banking association with its main office located at 300 S. Grand Avenue, 41st Floor, Los Angeles, CA 90071-3109, and that Deutsche Bank, as Trustee acts as the trustee for the registered holders of Ameriquest Mortgage Securities, Inc. Asset-Backed Pass Through Certificates Series 2004-R10, under the Pooling and Servicing Agreement dated as of October 1, 2004, Without Recourse, which is the holder of plaintiffs' mortgage loan note. Ameriquest denies the remaining allegations set forth in paragraph 4 of the First Amended Complaint.

### III.    JURISDICTION AND VENUE

5.    The allegations set forth in paragraph 5 of the First Amended Complaint consist of legal conclusions and characterizations of the case to which no response is required.

6.    Ameriquest admits that it removed the present action to this Court and does not deny that the Court has jurisdiction over the action.

7.    The allegations set forth in paragraph 7 of the First Amended Complaint consist of legal conclusions to which no response is required.

8.    The allegations set forth in paragraph 8 of the First Amended Complaint consist of legal conclusions to which no response is required.

### IV.    FACTS

9.    Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the First Amended Complaint.

10.    Ameriquest admits that it communicated with plaintiffs concerning a mortgage loan in the fall of 2004.  Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 10 of the First Amended Complaint.

11.    Ameriquest denies the allegations set forth in paragraph 11 of the First Amended Complaint.

12.    Ameriquest denies that proper disclosures were not made in compliance with applicable law.  Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 12 of the First Amended Complaint.

13.    Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the First Amended Complaint.

14. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the First Amended Complaint. Ameriquest further states that plaintiffs' mortgage loan documents speak for themselves as to their content.

15. Ameriquest states that plaintiffs' mortgage loan documents speak for themselves as to their content.

16. Ameriquest denies the allegations set forth in paragraph 16 of the First Amended Complaint.

17. Ameriquest states that plaintiffs' mortgage loan transaction was conducted in accordance with applicable law. Ameriquest is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the First Amended Complaint.

18. Ameriquest states that plaintiffs' mortgage loan documents speak for themselves as to their content. To the extent that a further response is required, Ameriquest states that plaintiffs' allegations seek to characterize the provisions of the mortgage loan documents and denies the allegations set forth in paragraph 18 of the First Amended Complaint to the extent that they are at variance with the provisions of the mortgage loan documents.

19. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the First Amended Complaint.

20. The allegations set forth in paragraph 20 of the First Amended Complaint consist of legal conclusions to which no response is required.

21. Ameriquest admits that it sold plaintiffs' mortgage loan into a securitized loan pool and that Deutsche Bank, as Trustee, acts as the trustee for the registered holders of

Ameriquest Mortgage Securities, Inc. Asset-Backed Pass Through Certificates Series 2004-R10, under the Pooling and Servicing Agreement dated as of October 1, 2004, Without Recourse, which is the holder of plaintiffs' mortgage loan note. Ameriquest denies the remaining allegations set forth in paragraph 21 of the First Amended Complaint.

22. The allegations set forth in paragraph 22 of the First Amended Complaint consist of legal conclusions to which no response is required. To the extent that a further response is required, Ameriquest denies the allegations set forth in paragraph 22 of the First Amended Complaint.

23. Ameriquest admits that notice was given to plaintiffs that they were in default on their mortgage loan and denies the remaining allegations set forth in paragraph 23 of the First Amended Complaint.

24. Ameriquest denies the allegations set forth in paragraph 24 of the First Amended Complaint.

25. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the First Amended Complaint.

26. Ameriquest denies the allegations set forth in paragraph 26 of the First Amended Complaint.

27. Ameriquest denies the allegations set forth in paragraph 27 of the First Amended Complaint.

28. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the First Amended Complaint, as plaintiffs have not attached an Exhibit A to their First Amended Complaint.

29. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the First Amended Complaint, as plaintiffs have not attached an Exhibit A to their First Amended Complaint.

30. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the First Amended Complaint, as plaintiffs have not attached an Exhibit B to their First Amended Complaint.

31. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the First Amended Complaint.

32. Ameriquest denies the allegations set forth in paragraph 32 of the First Amended Complaint.

33. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the First Amended Complaint, as plaintiffs have not attached an Exhibit C to their First Amended Complaint.

34. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the First Amended Complaint, as plaintiffs have not attached an Exhibit C to their First Amended Complaint.

35. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the First Amended Complaint, as plaintiffs have not attached an Exhibit C to their First Amended Complaint.

36. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the First Amended Complaint, as plaintiffs have not attached an Exhibit D to their First Amended Complaint.

37. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the First Amended Complaint, as plaintiffs have not attached an Exhibit E to their First Amended Complaint.

38. Ameriquest states that the record at the Barnstable County Registry of Deeds speaks for itself as to its content and otherwise denies the allegations set forth in paragraph 38 of the First Amended Complaint.

39. The allegations set forth in paragraph 39 of the First Amended Complaint are characterizations of plaintiffs' case to which no response is required.

40. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the First Amended Complaint.

41. Ameriquest denies the allegations set forth in paragraph 41 of the First Amended Complaint.

42. Ameriquest denies the allegations set forth in paragraph 42 of the First Amended Complaint.

43. Ameriquest denies the allegations set forth in paragraph 43 of the First Amended Complaint.

44. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the First Amended Complaint.

45. Ameriquest denies the allegations set forth in paragraph 45 of the First Amended Complaint.

**COUNT I – VIOLATION OF CHAPTER 93A**
**(As Against Ameriquest)**

46. Ameriquest hereby incorporates by reference, as if fully set forth herein, paragraphs 1 through 45 of this Answer.

47. Ameriquest denies the allegations set forth in paragraph 47 of the First Amended Complaint, subparagraphs (a) through (i) of paragraph 47 of the First Amended Complaint inclusive.

48. Ameriquest denies the allegations set forth in paragraph 48 of the First Amended Complaint.

49. Ameriquest denies the allegations set forth in paragraph 49 of the First Amended Complaint.

50. The allegations set forth in paragraph 50 of the First Amended Complaint consist of legal conclusions to which no response is required  To the extent that a further response is required, Ameriquest denies the allegations set forth in paragraph 50 of the First Amended Complaint.

### COUNT II – CLAIMS FOR UNCONSCIONABILITY AND/OR ILLEGALITY
**(Against Ameriquest)**

51. Ameriquest hereby incorporates by reference, as if fully set forth herein, paragraphs 1 through 50 of this Answer.

52. The allegations set forth in paragraph 52 of the First Amended Complaint state legal conclusions to which no response is required.

53. The allegations set forth in paragraph 53 of the First Amended Complaint state legal conclusions to which no response is required.

54. Ameriquest denies the allegations set forth in paragraph 54 of the First Amended Complaint.

55. Ameriquest denies the allegations set forth in paragraph 55 of the First Amended Complaint.

56. Ameriquest denies that plaintiffs are entitled to the relief requested in paragraph 56 of the First Amended Complaint.

## COUNT III – BREACH OF CONTRACT
### (As Against Ameriquest)

57. Ameriquest hereby incorporates by reference, as if fully set forth herein, paragraphs 1 through 56 of this Answer.

58. Ameriquest states that the plaintiffs' mortgage loan documents speak for themselves as to their content and otherwise denies the allegations set forth in paragraph 58 of the First Amended Complaint.

59. The allegations set forth in paragraph 59 of the First Amended Complaint state legal conclusions to which no response is required.  To the extent that a further response is required, Ameriquest denies the allegations set forth in paragraph 59 of the First Amended Complaint.

60. Ameriquest denies the allegations set forth in paragraph 60 of the First Amended Complaint.

61. Ameriquest denies the allegations set forth in paragraph 61 of the First Amended Complaint.

62. Ameriquest denies the allegations set forth in paragraph 62 of the First Amended Complaint.

63. Ameriquest denies the allegations set forth in paragraph 63 of the First Amended Complaint.

64. Ameriquest denies that plaintiffs are entitled to the relief requested in paragraph 64 of the First Amended Complaint.

## COUNT IV – INTENTIONAL MISREPRESENTATION
### (As [Against] Ameriquest)

65. Ameriquest hereby incorporates by reference, as if fully set forth herein, paragraphs 1 through 64 of this Answer.

66. Ameriquest denies the allegations set forth in paragraph 66 of the First Amended Complaint.

67. Ameriquest denies the allegations set forth in paragraph 67 of the First Amended Complaint, subparagraphs (a) through (c) of paragraph 67 of the First Amended Complaint inclusive.

68. Ameriquest denies the allegations set forth in paragraph 68 of the First Amended Complaint.

69. Ameriquest denies the allegations set forth in paragraph 69 of the First Amended Complaint.

70. Ameriquest denies the allegations set forth in paragraph 70 of the First Amended Complaint.

71. Ameriquest denies that plaintiffs are entitled to the relief requested in paragraph 71 of the First Amended Complaint.

## COUNT V – UNJUST ENRICHMENT
### (As [Against] Ameriquest and Deutsche Bank)

72. Ameriquest hereby incorporates by reference, as if fully set forth herein, paragraphs 1 through 71 of this Answer.

73. Ameriquest denies the allegations set forth in paragraph 73 of the First Amended Complaint.

74. Ameriquest denies that plaintiffs are entitled to the relief requested in paragraph 74 of the First Amended Complaint.

### COUNT VI – VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT
**(As Against Ameriquest and Deutsche Bank)**

75. Ameriquest hereby incorporates by reference, as if fully set forth herein, paragraphs 1 through 74 of this Answer.

76. The allegations set forth in paragraph 76 of the First Amended Complaint state legal conclusions to which no response is required. To the extent that a further response is required, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the First Amended Complaint.

77. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 of the First Amended Complaint.

78. Ameriquest denies the allegations set forth in paragraph 78 of the First Amended Complaint.

79. Ameriquest denies the allegations set forth in paragraph 79 of the First Amended Complaint.

80. Ameriquest denies the allegations set forth in paragraph 80 of the First Amended Complaint.

81. Ameriquest denies the allegations set forth in paragraph 81 of the First Amended Complaint.

82. Ameriquest denies the allegations set forth in paragraph 82 of the First Amended Complaint.

83. Ameriquest denies the allegations set forth in paragraph 83 of the First Amended Complaint.

### COUNT VII – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
**(As Against Ameriquest)**

84. Ameriquest hereby incorporates by reference, as if fully set forth herein, paragraphs 1 through 83 of this Answer.

85. Ameriquest denies the allegations set forth in paragraph 85 of the First Amended Complaint.

86. Ameriquest denies the allegations set forth in paragraph 86 of the First Amended Complaint.

87. Ameriquest denies the allegations set forth in paragraph 87 of the First Amended Complaint.

### COUNT VIII [incorrectly numbered as COUNT VII] – NEGLIGENCE
**(As Against Ameriquest and Deutsche Bank)**

88. Ameriquest hereby incorporates by reference, as if fully set forth herein, paragraphs 1 through 87 of this Answer.

89. Ameriquest denies the allegations set forth in paragraph 89 of the First Amended Complaint.

90. Ameriquest denies the allegations set forth in paragraph 90 of the First Amended Complaint.

91. Ameriquest denies the allegations set forth in paragraph 91 of the First Amended Complaint.

92. Ameriquest denies that plaintiffs are entitled to the relief requested in paragraph 92 of the First Amended Complaint.

## COUNT IX [incorrectly numbered as COUNT VIII] – EMOTIONAL DISTRESS
### (As Against Ameriquest and Deutsche Bank)

93. Ameriquest hereby incorporates by reference, as if fully set forth herein, Paragraphs 1 through 92 of this Answer.

94. Ameriquest denies the allegations set forth in Paragraph 94 of the First Amended Complaint.

95. Ameriquest denies the allegations set forth in Paragraph 95 of the First Amended Complaint.

96. Ameriquest denies the allegations set forth in Paragraph 96 of the First Amended Complaint.

97. Ameriquest denies the allegations set forth in Paragraph 97 of the First Amended Complaint.

The remainder of the First Amended Complaint is a prayer for relief to which Ameriquest is not required to respond. To the extent that a further response is required, Ameriquest requests that plaintiffs' First Amended Complaint be dismissed with prejudice, that the Court enter judgment in Ameriquest's favor on all Counts of the First Amended Complaint, that Ameriquest be awarded its costs and expenses including attorneys' fees, and that the Court award such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' claims are barred by the Statute of Frauds, M.G.L. ch. 259 § 1.

2. Plaintiffs' purported causes of action fail to state a claim upon which relief may be granted.

  3. At all relevant times, Ameriquest, in good faith, maintained and enforced adequate policies and procedures to prevent the alleged harm complained of in plaintiffs' First Amended Complaint.

  4. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations or by application of the doctrine of laches.

  5. Plaintiffs' claims are barred, in whole or in part, because plaintiffs have failed to state their intentional misrepresentation claim with sufficient particularity.

  6. Plaintiffs' claims are barred, in whole or in part, by application of the doctrines of ratification, estoppel, and/or waiver.

  7. Plaintiffs' claims are barred, in whole or in part, by application of the doctrine of unclean hands.

  8. Plaintiffs' claims are barred, in whole or in part, because they have failed to mitigate their damages.

  9. Plaintiffs' claims are barred, in whole or in part, because any alleged acts or failures to act on the part of Ameriquest were excused by the actions of plaintiffs or others.

  10. Plaintiffs' claims are barred, in whole or in part, by the integration clause contained in plaintiffs' mortgage note and by application of the parol evidence rule.

  11. Plaintiffs' claims are barred, in whole or in part, on the ground that if plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Ameriquest, and any such intervening or superseding action of said parties and/or persons or entities bars plaintiffs' recovery.

12. If plaintiffs suffered an injury, which Ameriquest denies, such injury was caused by the conduct of others for whose conduct Ameriquest is not responsible.

13. Plaintiffs, by their knowledge, statements, and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Ameriquest described in the First Amended Complaint.

14. Plaintiffs' claims are barred, in whole or in part, because plaintiffs would be unjustly enriched if allowed to recover on the First Amended Complaint.

15. Plaintiffs' claims are barred, in whole or in part, because plaintiffs have failed to meet the jurisdictional prerequisites for maintaining a claim under Mass. Gen. Laws ch. 93A.

16. Plaintiffs' claims may be barred, in whole or in part, by application of the doctrine of release because, among other things, they are members of a prior settlement or class that released some or all claims alleged by plaintiffs.

17. Ameriquest is not liable for any claims by plaintiffs because Ameriquest's conduct at all times complied with and was made in good faith conformity with all applicable contracts, covenants, laws, rules, regulations, and statutes.

18. Ameriquest states that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated affirmative defenses. Ameriquest reserves its right to file a further Answer asserting additional defenses, and/or to file a counter- or cross-complaint in the event that discovery indicates either is appropriate.

**PRAYER**

WHEREFORE, Ameriquest respectfully requests that plaintiffs' First Amended Complaint be dismissed with prejudice, that the Court enter judgment in Ameriquest's favor on all counts of the First Amended Complaint, that Ameriquest be awarded its costs and expenses

including attorneys' fees, and that the Court award such other relief as the Court deems just and proper.

Respectfully Submitted,

AMERIQUEST MORTGAGE COMPANY

By its attorneys,

*/s/ David D. Christensen*
R. Bruce Allensworth (BBO #015820)
bruce.allensworth@klgates.com
Phoebe S. Winder (BBO #567103)
phoebe.winder@klgates.com
Andrew C. Glass (BBO #638362)
andrew.glass@klgates.com
David D. Christensen (BBO #666401)
david.christensen@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3100

August 5, 2008

## CERTIFICATE OF SERVICE

      I hereby certify that this **Ameriquest Mortgage Company's Answer to First Amended Complaint** filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on August 5, 2008.

                                          */s/ David D. Christensen*
                                            David D. Christensen